CLIFFORD F. STONE, Appellant, v. GORDON JAMES et al., Respondents.

Mark M. Brawman for Appellant.

Tebbe & Correia for Respondents.

McMURRAY, J. pro. tem.*—The plaintiff appeals from a judgment entered against him after the trial court sustained a demurrer without leave to amend.  The complaint on file seeks to recover certain payments made under a conditional sale contract for the sale of a certain truck.  Recovery is sought of all the installment payments made by plaintiff to defendants before the payment of the balance of the entire purchase price of the truck was paid off in full prior to final maturity of the contract of sale covering the truck.  The action is, by its terms, based upon Civil Code, section 2982, subdivisions (d) and (e), which read as follows:

"(d) Any provision in any conditional sale contract for the sale of a motor vehicle to the contrary notwithstanding, the buyer may satisfy in full the indebtedness evidenced by

*Assigned by Chairman of Judicial Council.

such contract at any time before the final maturity thereof, and in so satisfying such indebtedness shall receive a refund credit thereon for such anticipation of payments. The amount of such refund shall represent at least as great a proportion of the time price differential, after first deducting from such time price differential a minimum charge of not to exceed twenty-five dollars ($25), as the sum of the periodic time balances after the month in which such contract is paid in full bears to the sum of all of the periodic time balances under the schedule of payments in the contract, both sums to be determined according to the monthly balances which would result if the indebtedness were paid according to the terms of the contract; provided, however, that the provisions of this subsection shall not impair the right of the seller or his assignee to receive a minimum time price differential of twenty-five dollars ($25), or to receive interest on delinquent installments or reasonable collection costs and fees, as provided in subsection (c) of this section; and provided further, that where the amount of such refund credit would be less than one dollar ($1), no refund need be made.

''(e) If the seller, except as the result of an accidental or bona fide error in computation, shall violate any provision of subdivisions (c), or (d) of this section the conditional sale contract shall not be enforceable, except by a bona fide purchaser for value, and the buyer may recover from the seller in a civil action the total amount paid on the contract balance by the buyer to the seller or his assignee pursuant to the terms of such contract.''

■ The demurrer interposed to this complaint pleads the statute of limitations as a bar and cites subdivision 1 of section 340 of the Code of Civil Procedure. This statute prescribes a one-year period of limitation and provides in part that, ''An action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation; . . .'' shall be commenced within one year after the accrual of the cause of action. The complaint here was filed over two years after the accrual of. the cause of action alleged in the complaint. Appellant contends first that the provisions of section 2982 contained in paragraphs (d) and (e) are severable, and that those provisions contained in paragraph (e) even if penal (which appellant does not grant, urging that they provide for liquidated damages), there would still exist a right of action under the provisions of

paragraph (d) to recover the finance charges which were prepaid and not returned in accordance with the provisions of that paragraph of the section. In this contention appellant may well be right. In *Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564 [203 P.2d 758], the court exhaustively reviewed the provisions of this code section before its last amendments, and in its opinion points out that it is merely an extension of the usury laws under the provisions contained in Article XX, section 22, of the California Constitution. This being so, it would seem apparent that cases which were decided under the usury law, as it was in effect in previous years, would be helpful in determining whether or not the provisions of paragraphs (d) and (e) were severable. We think that they are. Paragraph (e) would seem to be explicitly a paragraph imposing a penalty or forfeiture (see vol. 2, Stan.L.Rev., pp. 362, 370, where it is indicated that the punitive characteristics of the statute are important), and paragraph (d) would appear to grant implicitly the right to recover back finance charges which were not proportionately refunded in accordance with the provisions of that section. This view finds support in the cases of *Taylor* v. *Budd,* 217 Cal. 262, 266 [18 P.2d 333]; and in *Douglas* v. *Klopper,* 107 Cal.App.Supp. 765 [288 P. 36]. In the last cited case, however, the plaintiff can find small solace, as it is there pointed out that the action for recovery of usurious interest (in this case nonrefunded finance charges) is in the nature of an action for money had and received, an action to which the two-year statute of limitations applies. (*Stock* v. *Meek,* 35 Cal.2d 809, 816 [221 P.2d 15].) The provisions of paragraph (e) of 2982 are clearly those of a section enforcing a penalty or forfeiture. This section, therefore, falls within the provisions of section 340, subdivision 1. Since the complaint failed to state a cause of action not barred by the statute of limitations, the court below correctly sustained the demurrer. It appears that only by stating an entirely new cause of action could plaintiff escape the bar of the statute of limitations; and this, the court could not allow plaintiff to do by amending his complaint. (*Cyr* v. *White,* 83 Cal.App.2d 22, 31 [187 P.2d 834].)

The judgment appealed from is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.