[Civ. No. 22978. Third Dist. July 2, 1984.]

JACK HESKETT LINCOLN-MERCURY, INC.,
Plaintiff, Cross-defendant and Appellant, v.
ROGER METCALF et al.,
Defendants, Cross-complainants and Respondents.

COUNSEL

Willis & Willis and F. L. Willis, Jr., for Plaintiff and Appellant.

Maxim N. Bach for Defendants and Respondents.

OPINION

**REGAN, Acting P. J.**—Plaintiff appeals from a judgment of dismissal entered after the trial court sustained without leave to amend defendants' demurrer to plaintiff's first amended complaint. We reverse.

FACTS

For purposes of appeal, we treat as true all material facts properly pleaded in the complaint. (*Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].) We recite the gravamen of plaintiff's causes of action as contained in its amended complaint.

On or about July 30, 1980, plaintiff and defendants entered into a contract for the sale by plaintiff to defendants of a 1980 Mercury Zephyr automobile. Following the default of defendants, the vehicle was repossessed or surrendered on or about August 20, 1980. The vehicle was sold in October 1980, after plaintiff gave defendants notice pursuant to statute. The sale left a deficiency of $787 on the balance due on the contract. Defendants refused plaintiff's demands for payment.

On March 12, 1981, plaintiff filed its original complaint, alleging deficiency and account stated causes of action. In that complaint, plaintiff asserted he was an individual doing business as an automobile dealer, and sought $1,187.18 on the deficiency and for related expenses. The trial court later granted plaintiff's motion to amend the complaint to change his status from an individual to a corporation, and to reduce the amount of damages sought.

In their answer and cross-complaints, defendants charged plaintiff with abuse of process and unfair business practice. According to defendants, they returned the vehicle to plaintiff after they were unable to obtain financing. Plaintiff's answer to the amended cross-complaint denied defendants' allegations.

In their points and authorities opposing plaintiff's motion to file an amended complaint, defendants argued the applicable statute of limitations was one year, barring plaintiff's attempt to substitute the corporate entity for the individual. After plaintiff filed its first amended complaint in September

1982, defendants demurred, claiming the statute of limitations had run on the substituted plaintiff and that plaintiff had failed to plead compliance with Civil Code section 2983.2. In its opposition to the demurrer, plaintiff asserted its amended complaint specifically alleged compliance with Civil Code section 2983.2. Moreover, according to plaintiff, defendants previously had raised the statute of limitations defense and in any event the applicable limitations period was four years.

Judge Wolters sustained defendants' demurrer without leave to amend, ruling "[¶] It is the opinion of the Court that the First Amended Complaint is filed with a new party plaintiff in complete substitution of the original party plaintiff. As to the new party plaintiff, the Statute of Limitations has run prior to the filing of the First Amended Complaint." Judgment was entered accordingly.

DISCUSSION

I

■ The function of a demurrer is to test the legal sufficiency of a plaintiff's pleading by raising questions of law. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 796, pp. 2408, 2409.) ■ Sustaining a general demurrer without leave to amend is not an abuse of discretion if it appears from the complaint that under applicable substantive law there is no reasonable possibility or probability the defect can be cured by amendment. (*Vater* v. *County of Glenn* (1958) 49 Cal.2d 815, 821 [323 P.2d 85].) On the other hand, if it appears the plaintiff is entitled to any relief after consideration of all the facts stated, the judgment of dismissal on the sustaining of a demurrer should be reversed. (*Hill* v. *People* ex rel. *Dept. of Transportation* (1979) 91 Cal.App.3d 426, 429 [154 Cal.Rptr. 142].)

■ Plaintiff contends the trial court erred in ruling the statute of limitations ran prior to filing of the first amended complaint. According to plaintiff, the applicable limitations period is four years, found in Code of Civil Procedure section 337, subdivision (1), and California Uniform Commercial Code section 2725. Defendants, on the other hand, relying primarily on our decision in *Stone* v. *James* (1956) 142 Cal.App.2d 738 [299 P.2d 305], urge the applicable period is one year, pursuant to Code of Civil Procedure section 340, subdivision (1).[1]

---

[1]Plaintiff also urges Code of Civil Procedure section 1008 bars the demurrer, claiming the demurrer sought the identical relief defendants requested previously in their opposition to the motion to amend. We disagree. Defendants did not apply for an "order," pursuant to the statute. Accordingly, Code of Civil Procedure section 1008 is inapplicable.

*Stone* v. *James* was an action to recover unearned finance charges from the seller for the latter's failure to refund such charges when the buyer paid off the balance due on an automobile sales contract prior to maturity of the contract. (*Stone* v. *James, supra,* 142 Cal.App.2d at p. 738.) Under then Civil Code section 2982, subdivision (e), the buyer in such a situation could seek a forfeiture of all payments made to the seller. (*Id.,* at pp. 739-740.) Because the buyer's action sought to enforce a penalty or forfeiture, we held the claim was subject to the statute of limitations contained in Code of Civil Procedure section 340, subdivision (1).[2] (*Id.,* at p. 740.) That statute provides for a one-year period within which to commence an action on a statute for a penalty or forfeiture. (§ 340, subd. (1).)

In *Massey-Ferguson Credit Corp.* v. *Casaulong* (1976) 62 Cal.App.3d 1024 [133 Cal.Rptr. 497], we held that an action for a deficiency judgment arising out of default on a conditional sale agreement covering farm machinery, repossession of the machinery, and its resale for less than the balance due, was barred by the four-year limitations period contained in California Uniform Commercial Code section 2725. (*Id.,* at pp. 1025-1027.) That statute provides a four-year statute of limitations for an action for breach of any contract involving the sale of goods. (Cal.U.Com. Code, § 2725.) We observed that since its adoption, actions involving the conditional sale of goods are subject to the limitation of that statute, rather than to the more general four year limitations period for an action on a contract contained in section 337, subdivision (1). (*Id.,* at p. 1028.)

The instant case is on all fours with *Massey-Ferguson.* Plaintiff's claim is for a deficiency judgment following default on a conditional sale contract involving a good. This case has nothing to do with a forfeiture or penalty, which was the nature of the claim asserted in *Stone* v. *James, supra,* 142 Cal.App.2d 738, and in *G.H.I.I.* v. *MTS, Inc.* (1983) 147 Cal.App.3d 256, 277-279 [195 Cal.Rptr. 211], cited by defendants.

As plaintiff alleged, its action for a deficiency judgment was brought pursuant to the Rees-Levering Motor Vehicle Sales and Finance Act, Civil Code section 2981 et seq. This Act, enacted five years after *Stone* v. *James,* contains provisions similar to former section 2982, involving refunds of unearned finance charges. (Civ. Code, § 2982, subd. *l*(1).) It does not contain a statute of limitations.

Where, as here, plaintiff's action under the act is not for recovery of any penalty or forfeiture, but rather one seeking a deficiency judgment on the

---

[2]All further statutory references, unless otherwise indicated, are to the Code of Civil Procedure.

contract, we hold the limitations period contained in California Uniform Commercial Code section 2725 is applicable. As that period is four years, and the record shows such time had not elapsed, the trial court erred as a matter of law when it ruled the complaint was barred by the statute of limitations.

## II

Defendants contend the demurrer was sustainable on the ground plaintiff failed to specifically plead compliance with Civil Code section 2982 or any other applicable sections of the act.

Defendants' claim is meritless. The amended complaint specifically alleged compliance with "all applicable requirements of section 2981 et seq. of the Civil Code." Defendants cite no authority, and we know of none, for the proposition that a complaint must allege compliance specifically with each and every applicable section of a statutory scheme.

Plaintiff requests us to impose sanctions for defendants' asserted failure to comply with section 1008 and their alleged misuse of *Stone* v. *James*. We decline to do so. Although the judgment of dismissal was clearly erroneous, defendants were the prevailing parties below, and we rejected plaintiff's argument based on section 1008.

The judgment is reversed.

Evans, J., and Carr, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 29, 1984.