[No. B024695. Second Dist., Div. Seven. Mar. 21, 1988.]

BASIN CONSTRUCTION CORPORATION, Plaintiffs, v.
DEPARTMENT OF WATER AND POWER OF THE CITY OF
LOS ANGELES, Defendant and Respondent;
VERNON McDANIEL et al., Interveners and Appellants.

**COUNSEL**

John Dalessio for Interveners and Appellants.

James K. Hahn, City Attorney, Edward C. Farrell, Chief Assistant City Attorney, and Richard G. Sorenson, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

LILLIE, P. J.—Interveners (McDaniels) appeal from a judgment which sustained without leave to amend defendant's demurrer to interveners' complaint in intervention.[1] The issue on appeal is whether the statute of limitations bars the McDaniels' complaint. The McDaniels sustained losses in a fire caused by defendant and were not parties to an earlier completed action brought by their insurer and partial subrogee against defendant, but intervened in a pending action brought by another party who allegedly sustained losses caused by the same fire.

### FACTUAL AND PROCEDURAL BACKGROUND

■ Because a demurrer admits all material facts properly pleaded (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d

---

[1] Appellants concede that no judgment has been entered upon the order sustaining the demurrer without leave to amend, and that the instant order is not appealable, but urge us to consider the order as including an order of dismissal and to construe the notice of appeal to apply to that judgment, as permitted by *Wilson* v. *Household Finance Corp.* (1982) 131 Cal.App.3d 649, 651-652 [182 Cal.Rptr. 590]. As it is clear the trial court intended a final ruling, and as both sides have briefed the matter, respondent will suffer no prejudice as we follow appellants' suggestion and modify the order to make it a judgment and construe the notice of appeal to apply to the judgment.

58]), and a complaint may be read as if it included matters judicially noticed (*Lazzarone* v. *Bank of America* (1986) 181 Cal.App.3d 581, 590 [226 Cal.Rptr. 855]), the following facts are taken from the complaint in intervention and from the matters which the trial court was requested to, and apparently did, judicially notice.

On October 23, 1978, high voltage transmission lines, constructed and operated by defendant, came in contact with each other, causing electrical sparks which started the Mandeville Canyon fire. The fire destroyed extensive real and personal property of the McDaniels and caused subsequent water, mudflow and other damage which constituted a taking and/or damaging of their property for public use. On June 1, 1979, Attorney Richard B. Wolf of the law firm of Long & Levit contacted them, informed them that the firm had been retained by their insurer, State Farm Insurance Company (State Farm), to recover damages resulting from the Mandeville Canyon fire, and advised the McDaniels to contact him if they wished to be included in the lawsuit against defendant for damages resulting from the fire. In June 1979, the McDaniels retained the firm to prosecute their claims for uninsured real and personal property losses.

In September 1979, the firm of Long & Levit, on behalf of State Farm as well as other insurers and insureds, filed a complaint for property damage against defendant. The McDaniels were not named as plaintiffs therein, although a claim pursuant to Government Code section 905 had been filed with defendant on their behalf as well as on behalf of others, and had been denied prior to the filing of the complaint. In the complaint, State Farm sought $3,663 for sums it had paid to the McDaniels for their losses sustained in the fire. The case proceeded to judgment in favor of the plaintiffs. Both plaintiffs and defendant appealed from the judgment, and in a published opinion filed in July 1985, the Court of Appeal reversed the judgment as to plaintiffs' attorneys fees but affirmed the judgment in all other respects. (See *Aetna Life & Casualty Co.* v. *City of Los Angeles* (1985) 170 Cal.App.3d 865, 882 [216 Cal.Rptr. 831], review den. Oct. 1, 1985.)

In November 1985, Vernon McDaniel read a newspaper article to the effect that the Los Angeles Department of Water and Power had agreed to pay a judgment to persons whose property had been damaged in the Mandeville Canyon fire. McDaniel then contacted the law firm that was then handling the litigation and learned that the McDaniels had not been named as parties in the *Aetna* action. Thereafter, they engaged independent counsel to prosecute their claims for property damage, which are alleged to be in excess of $133,000.

On March 12, 1986, the McDaniels filed motion for order granting leave to intervene in a lawsuit that was pending against the City of Los Angeles, Department of Water and Power and which had been brought by plaintiff Basin Construction Corporation for damages arising out of the Mandeville Canyon fire. Defendant City of Los Angeles opposed the motion on the grounds that the McDaniels' complaint in intervention was barred by the five-year statute of limitations for actions in inverse condemnation and that it improperly split a cause of action that had been fully litigated in the *Aetna* case by the McDaniels' partial subrogee, State Farm. In permitting the McDaniels to intervene, the court specifically stated that it was not ruling on the merits of defendant's objections to the complaint in intervention, but stated that the alleged defects, including the bar of the statute of limitations and splitting of the cause of action, could more appropriately be attacked by demurrer or summary judgment.

Thereafter, defendant demurred to the complaint in intervention. In its order sustaining the demurrer without leave to amend, the court found "1. That the Statute of Limitations (C.C.P. §§ 318, 319) bars Plaintiff's [*sic*] cause of action. [¶] 2. That the Plaintiff (subrogor) cannot split his cause of action from his subrogee [State Farm] . . . whose case was decided in *Aetna etc.* v. *City of Los Angeles* . . . for the same damages alleged by Plaintiff herein." Interveners filed timely notice of appeal from the judgment. (See fn. 1, *ante*.)

I

STATUTE OF LIMITATIONS

A complaint showing on its face the cause of action is barred by the statute of limitations is subject to general demurrer. (*Jessica H.* v. *Allstate Ins. Co.* (1984) 155 Cal.App.3d 590, 592 [202 Cal.Rptr. 239].)

For failure to assert otherwise, appellants impliedly concede that the applicable statute of limitations is five years and that, unless tolled or suspended, the present pleading would be barred by that statute of limitations. ⬛ Appellants contend, however, that State Farm's timely complaint for subrogation against the city tolled the statute of limitations for them such that their complaint in intervention relates back to the time the *Aetna* complaint was filed. Appellants cite three cases to support their argument, none of which is applicable to the facts herein. *Harrison* v. *Englebrick* (1967) 254 Cal.App.2d 871 [62 Cal.Rptr. 831] stands for the proposition that where an injured employee's action is timely filed against a third-party tortfeasor, an employer who has paid workers' compensation to

the injured employee may intervene after the expiration of the one-year statute of limitation an at any time before trial, pursuant to Labor Code former section 3853. (*Id.,* at p. 874.) The other two cases cited by appellants deal with the reverse situation where the employee is permitted to intervene in the action timely filed by the workers' compensation carrier. Those cases are distinguishable on the ground that a statute expressly authorized intervention at any time prior to trial, a statute that is not applicable here.

Appellants cite Code of Civil Procedure section 387, subdivision (a), which states in part that "Upon timely application, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." Appellants argue that because the court herein granted their motion to intervene, the court must have determined that they met the statutory requirements, one of which is that the motion must be "timely." From our record, however, it is clear that the trial court, by its ruling on the motion to intervene, did not intend to foreclose defendant from raising the defense of the statute of limitations and apparently excluded such a consideration from the concept of a "timely application." As there is no appeal from the ruling permitting appellants to intervene, we do not address the propriety of such ruling. However, such ruling does not prevent us from addressing the issue, raised by appellants, of whether section 387, subdivision (a) is authority for the proposition that the complaint in intervention relates back to the time of filing of some original complaint. Before we address that issue, however, we note that in this case, appellants argue their complaint should relate back to the time of filing of a complaint in another completed action (the *Aetna* action), not to the time of filing of the complaint in the action in which they intervened. Appellants cite no authority for the proposition that a complaint in intervention can relate back to the time of filing of a complaint in *another* action that is already concluded.

Moreover, we find nothing in section 387 which would support the proposition that an intervener can destroy a valid affirmative defense to his complaint by intervening in an action rather than filing the complaint as an original action. The last sentence of subdivision (a) of section 387 provides that "A party served with a complaint in intervention may . . . move, demur, or otherwise plead to the complaint in the same manner as to an original complaint." If they had filed their action as an original complaint, it is clear that appellants could not claim that section 387 applied to toll the running of the statute of limitations.

The issue in *Andersen* v. *Barton Memorial Hospital, Inc.* (1985) 166 Cal.App.3d 678 [212 Cal.Rptr. 626] is analogous to the issue herein and we

find its discussion of principles relating to complaints in intervention also to be applicable herein. In *Andersen,* an heir whose cause of action for wrongful death was barred by the statute of limitations was allowed pursuant to an ex parte order to intervene in a wrongful death action filed by other heirs of the deceased. After defendants' demurrer to the complaint in intervention was sustained without leave to amend, intervener appealed. The Court of Appeal reasoned that while the claims of all heirs must be determined in a single wrongful death action, each heir has a personal and separate cause of action against which the applicable statute of limitations will run. (166 Cal.App.3d at p. 681.) ■ The court further stated: " 'A complaint in intervention, like any other complaint, is subject to an affirmative defense based on an applicable statute of limitations and, if it asserts a new cause of action, the application for leave to intervene must be filed within the pertinent limitations period.' " (*Id.,* at p. 682.) The court concluded that the complaint in intervention tendered significant new issues; "[a]lthough we may assume the original complaint fairly put defendants on notice as to claims and issues related to liability, it gave no notice of claims or issues related to the pecuniary loss suffered by intervener, a loss in the nature of 'damages.' Defendants were entitled to have these significant claims and issues brought to their attention within the period of the statute of limitations so that they could conduct a timely investigation." (*Id.,* at p. 684.)

■ Appellants claim that when State Farm filed its complaint in the *Aetna* action, the city was put on notice of their claim and the purpose of the statute of limitations was served. We disagree. ■ Both the subrogee (insurer) and the subrogor (insured) have a right of action against the tortfeasor. (*Ferraro* v. *Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33, 47 [162 Cal.Rptr. 238].) A subrogated insurer is not limited to an action in intervention; he may bring a separate independent action to recover directly from the third-party tortfeasor. (*Deutschmann* v. *Sears, Roebuck & Co.* (1982) 132 Cal.App.3d 912, 915 [183 Cal.Rptr. 573].) ■ Appellants fail to show that State Farm's claim in *Aetna,* either in actuality or by operation of some legal principle, brought to the attention of respondent the claims or issues related to the uninsured losses suffered by them. If it is true, as argued by appellants, that State Farm in the *Aetna* action requested only payment for fire damage and presented no evidence as to the landslide or mudflow damage sustained by the McDaniels in 1980 subsequent to the fire, and that State Farm in fact did not pay them for the subsidence damages and had no subrogation rights as to such damages, then it would seem that appellants cannot in good faith argue that State Farm's claim put respondent on notice of their cause of action or their damages.

We perceive the facts of the instant case to be no different in substantive effect from the situation where additional plaintiffs are sought to be brought

into an action by way of amended complaint. ■ "The general rule governing the permissibility of the bringing in of additional plaintiffs after the period of the statute of limitations has elapsed, or of the assertion of the defense of limitations against them, is that where the additional party plaintiff, joining in a suit brought before the statute of limitations has run against the original plaintiff, seeks *to enforce an independent right,* the amended pleading does not relate back, so as to render substitution permissible or to preclude the defense of the statute of limitations." (*Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526, 533 [124 Cal.Rptr. 370]; original italics.) The court in *Bartalo* further stated, "We are not unaware of cases that have allowed the addition of a new party by an amendment to the complaint. However, these cases on analysis are clearly distinguishable. Generally, a different plaintiff was substituted in because there was a technical defect in the plaintiff's status (an administrator for a deceased plaintiff; a stockholder in place of a corporation, etc.); a necessary party was joined; or a nominal plaintiff was removed and the real party in interest took his place. A new and additional party—such as husband here—seeking damages not previously pleaded on a different obligation after the statute of limitation has passed is not a factual situation that fits into this category. Once the statute of limitation has passed as to other possible plaintiffs, a defendant is entitled to dismiss them from his considerations." (*Id.,* at p. 534, fn. omitted.)

■ Appellants urge, under equitable principles, that we disregard the statute of limitations to avoid a harsh and technical forfeiture. They claim the city would not be prejudiced by allowing them to litigate the extent of their mudflow and subsidence damages. We disagree, as respondent was entitled to dismiss appellants from its consideration in the absence of any timely notice of their intent to assert their rights before the court, and certainly would be prejudiced by the belated assertion of their claims. The facts herein are distinguishable from the case cited by appellants, *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], involving a second action which was deemed to be a continuance of an earlier action by the same parties, involving the same facts and cause of action, after the earlier action had resulted in a judgment of nonsuit on the ground that that action was premature. Here, appellants are not only different parties than in either the *Aetna* or Basin Construction cases, but the damages they seek to recover were apparently not brought to respondent's attention in a timely manner.

■ Without any evidence in our record showing appellants sought leave to amend below, they argue in their reply brief that the court erred in denying them leave to amend their complaint. They contend that if permitted leave to amend, they could allege facts to toll the statute of limitations,

to wit, that they were ignorant of respondent's responsibility for their subsidence damages until they read the newspaper article about settlement in November 1985. Appellants also claim that respondent "intentionally tried to mislead the McDaniels and other individuals" apparently by their conduct in defending the *Aetna* action and by claiming therein that the cause of the fire was arson or children playing with matches.

Even assuming that appellants have not waived this issue by failing to raise it below, we conclude that no abuse of discretion occurred. It is clear from the allegations already appearing on the face of the instant verified complaint, which allegations cannot be omitted to avoid a demurrer (*Zappas* v. *King Williams Press, Inc.* (1970) 10 Cal.App.3d 768, 775 [89 Cal.Rptr. 307]), that there is no reasonable possibility or probability that the defect in the pleading can be cured by amendment. (*Jack Heskett Lincoln-Mercury, Inc.* v. *Metcalf* (1984) 158 Cal.App.3d 38, 41 [204 Cal.Rptr. 355].) In fact, it is surprising that appellants now argue they should be allowed to amend to allege belated discovery of respondent's negligence as the cause of their damages or some kind of "duplicitous conduct" on the part of respondent which prevented them from discovering the cause of their damages. Their verified complaint alleges that on June 4, 1979, appellants wrote their attorney a letter, attached as an exhibit to the pleading, stating to the attorney to "please include with your claim against the 'City', a claim for uninsured real and personal property losses in the name of Mr. and Mrs. Vernon B. McDaniel." Moreover, the complaint states that in late June 1979, the McDaniels retained the attorney's law firm to prosecute their claim against respondent. In support of the motion to intervene, appellants submitted a declaration of Vernon McDaniel in which he admits that on January 23, 1979 he received a mailgram from an attorney retained by State Farm and attached a copy of the mailgram to his declaration. The mailgram informs appellants that "our investigation has determined that the fire was probably caused by the negligence of the Los Angeles Department of Water and Power, an agency of the City of Los Angeles." Thus, the record reveals that appellants not only knew of respondent's responsibility for the fire in 1979, but believed that they were part of the *Aetna* lawsuit against respondent. Thus it is unlikely that appellants can succeed in pleading in good faith that they did not discover their cause of action against respondent until November 1985.

In light of our above discussion of the bar of the statute of limitations, we need not address appellants' other contention regarding the rule against splitting a cause of action. Even if appellants are correct that the filing of their complaint in intervention does *not* violate the rule against splitting a cause of action, they are still met by the bar of the statute of limitations.

## DISPOSITION

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.