Filed 4/2/14  Pruett v. Department of Transportation CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| RICKEY ALLEN PRUETT, | |
| Plaintiff and Appellant, | C070179 |
| v. | (Super. Ct. No. 11CV7289) |
| DEPARTMENT OF TRANSPORTATION, | |
| Defendant and Respondent. | |

While driving as a mail carrier, plaintiff Rickey Allen Pruett collided with a Save Mart Supermarket van driven by Carol Renee Estarziau.  Pruett and Estarziau were both injured.  Although law enforcement determined Pruett was responsible for the accident, Pruett nonetheless sued Estarziau, Save Mart and various Doe defendants.

Pruett also asked the trial court for relief from the government claim requirement so that he could assert a cause of action against the California Department of Transportation (CalTrans).  The trial court granted the requested relief.  Government

1

Code section 946.6, subdivision (f),[1] provides that "[i]f the court makes an order relieving the petitioner from [the government claim requirement], suit on the cause of action to which the claim relates shall be filed with the court within 30 days thereafter." But Pruett filed his amended complaint 38 days after the order granting him relief from the government claim requirement.

CalTrans filed a demurrer, arguing that Pruett did not file his amended complaint by the statutory deadline. The trial court agreed and sustained the demurrer without leave to amend.

Pruett now contends that although the amended complaint was filed beyond the 30-day deadline, it related back to the original complaint, which substantially complied with the government claim requirement. He also contends that the trial court committed procedural errors in sustaining the demurrer.

We conclude the amended complaint did not relate back to the original complaint because the original complaint did not state a cause of action against CalTrans. In addition, Pruett's claims of procedural error lack merit.

We will affirm the judgment.

BACKGROUND

Because the trial court sustained the demurrer, without leave to amend, the background is derived from the allegations of the challenged pleading and matters that were properly the subject of judicial notice. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

While driving his route as a rural mail carrier for the United States Postal Service, Pruett struck a Save Mart Supermarket (Save Mart) van driven by Save Mart employee Carol Renee Estarziau. The collision occurred at the intersection of State

---

[1] Undesignated statutory references are to the Government Code.

Route 88 (SR-88) and Buena Vista Road in Amador County. Pruett was traveling northbound on Buena Vista Road, attempting to cross SR-88. Estarziau was traveling westbound on SR-88. Pruett and Estarziau were both injured.

Pruett alleged that drivers entering the intersection from northbound Buena Vista Road had poor sight distance to the east, the speed limit on SR-88 was too fast, and there were inadequate warnings for drivers entering SR-88 from Buena Vista Road. Pruett alleged a dangerous condition existed that created a substantial risk of injury when the intersection was used with due care and in a foreseeable manner. Pruett added that traffic around the intersection of SR-88 and Buena Vista Road had increased due to residential and commercial development. He asserted CalTrans knew or should have known that the occurrence and foreseeability of accidents had increased at the intersection because of the changed traffic conditions, and that measures to protect against harm were necessary.

Pruett said he did not timely file a government claim because he suffered a disability during the claim-filing period. He also claimed he could not have reasonably known that he had a potential cause of action against CalTrans because law enforcement authorities determined he was responsible for the collision, and his employer accepted "full liability" for Estarziau's damages. Accordingly, Pruett filed a petition with the trial court for relief from the government claim filing requirement.

Before the trial court ruled on Pruett's petition for relief, Pruett filed his original complaint. The caption of his Judicial Council form complaint named Estarziau and Save Mart as defendants, along with Does 1 through 20. But in his "motor vehicle" cause of action, Pruett said CalTrans was liable to him for "other" reasons that were not described in the complaint. The complaint said Pruett was required to comply with the claims statute, that he was not excused from compliance, and that a hearing on his petition for relief was scheduled for the following month.

The trial court subsequently granted Pruett's petition for relief. The order specified that pursuant to section 946.6, subdivision (f), Pruett was required to file his

3

first amended complaint within 30 days of the order. Pruett filed his first amended complaint 38 days after the order. The first amended complaint asserted a cause of action against CalTrans for a dangerous condition of public property.

CalTrans filed a demurrer, asserting that Pruett's amended complaint was untimely. Pruett opposed the demurrer, arguing among other things that the first amended complaint related back to the original complaint, which was sufficient to give CalTrans notice. CalTrans replied that the relation back doctrine did not apply because the original complaint did not state a cause of action against CalTrans with requisite particularity.

The trial court sustained the demurrer without leave to amend.[2]

STANDARD OF REVIEW

On an appeal from judgment of dismissal after a demurrer is sustained without leave to amend, "we independently evaluate the complaint, construing it liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context." (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5-6 (*Milligan*).) We treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law. (*Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at pp. 966-967.) We determine de novo whether the factual allegations of the complaint are adequate to state a cause of action under any legal theory. (*Milligan, supra*, 120 Cal.App.4th at p. 6.) We also consider judicially noticeable matters. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The plaintiff bears the burden of demonstrating that the demurrer was sustained

---

[2] Judgment was entered in favor of CalTrans, but Pruett filed his notice of appeal before the judgment was filed. We exercise our discretion to treat the notice of appeal as commencing a valid appeal from the subsequent judgment. (Cal. Rules of Court, rule 8.104(d); *Giannuzzi v. State of California* (1993) 17 Cal.App.4th 462, 464, fn. 2.)

4

erroneously.  (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485.)  We will affirm the judgment if proper on any grounds stated in the demurrer, whether or not the trial court acted on that ground. (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.)

In addition, we consider whether the complaint might state a cause of action if the plaintiff were permitted to amend.  (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)  If the complaint could be amended to state a cause of action, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we will affirm.  (*Ibid.*)  The plaintiff bears the burden of showing a reasonable possibility that the defect could be cured by amendment.  (*Ibid.*)

## DISCUSSION

### I

Pruett claims that although the amended complaint was filed beyond the 30-day deadline, it related back to the original complaint, which substantially complied with the government claim requirement.  He adds that CalTrans suffered no prejudice.

" '[W]hile the procedure for granting relief from the [government] claims statutes is remedial in nature and must be liberally construed in favor of the claimant, such liberality does not extend to the statute of limitations [in section 946.6, subdivision (f)].' " (*Ard v. County of Contra Costa* (2001) 93 Cal.App.4th 339, 346 (*Ard*).)  That limitations period is mandatory and strict compliance is required.  (*Ibid.*; *Mandjik v. Eden Township Hospital Dist*. (1992) 4 Cal.App.4th 1488, 1498; *Todd v. County of Los Angeles* (1977) 74 Cal.App.3d 661, 664.)  Substantial compliance does not excuse a filing beyond the deadline established by section 946.6, subdivision (f).  (*Ard, supra,* 93 Cal.App.4th at p. 346.)  A lawsuit filed after the 30-day period is time-barred. (*Id.* at pp. 343-344.)

Pruett claims his amended complaint relates back because his original complaint mentioned CalTrans and indicated that he had a pending petition for relief.  He further

5

notes that CalTrans had already received his government claim. Pruett maintains that his original complaint alleged "the essential element of a cause of action against a public entity."

But an amended complaint does not relate back to a timely filed original complaint, thereby avoiding the limitations bar, unless it rests on the same general set of facts, involves the same injury, and refers to the same " 'offending instrumentalities' " as the original complaint. (*Norgart v. Upjohn Co*. (1999) 21 Cal.4th 383, 409; *Davaloo v. State Farm Ins. Co*. (2005) 135 Cal.App.4th 409, 415 (*Davaloo*).) The original pleading must give the defendant adequate notice of the cause of action. (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 277.) A complaint which fails to provide any information to the defendant about the nature of the plaintiff's claim will not trigger the relation back doctrine. (*Davaloo, supra,* 135 Cal.App.4th at pp. 416-418; see also *Chase v. State of California* (1977) 67 Cal.App.3d 808, 810, 812-813.) Thus, where the original complaint does not state a cause of action against the public entity, failure to timely file an amended complaint against the public entity as required by section 946.6, subdivision (f), bars the amended complaint. (*Ard, supra,* 93 Cal.App.4th at p. 346.)

Some courts have held that the plaintiff is not required to file an amended complaint, or an amendment to the complaint, if the original complaint adequately stated a cause of action against the public entity. (*Bell v. Tri-City Hospital Dist*. (1987) 196 Cal.App.3d 438, 441 (*Bell*), overruled on another point in *State of California v. Superior Court* [*Bodde*] (2004) 32 Cal.4th 1234, 1244 (*Bodde*) [*Bodde* disapproved the statement in *Bell* that compliance with the government claims procedure is not an element of a cause of action against a public entity]; *Bahten v. County of Merced* (1976) 59 Cal.App.3d 101, 107, overruled on another point in *Bodde, supra,* 32 Cal.4th at p. 1244 [same]; *Savage v. State of California* (1970) 4 Cal.App.3d 793, 797 (*Savage*).) But here, Pruett's original complaint did not adequately state a cause of action against

6

CalTrans. To state a cause of action for dangerous condition against a public entity, the plaintiff must plead that (1) a dangerous condition existed on the public property at the time of the injury; (2) the condition proximately caused the injury; (3) the condition created a reasonably foreseeable risk of the kind of injury sustained; and (4) the public entity had actual or constructive notice of the dangerous condition of the property in sufficient time to have taken measures to protect against it. (*Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 439; see also § 835.) Pruett's original complaint did not reference those elements. Unlike in *Bell, supra*, 196 Cal.App.3d at pp. 441-445, in which the original complaint stated the asserted basis for public entity liability, Pruett's original complaint merely said that CalTrans was liable for "other reasons" that were not specified. The decisions in *Savage, supra,* 4 Cal.App.3d 793, and *Bahten v. County of Merced, supra,* 59 Cal.App.3d 101, are distinguishable for the same reason.

Pruett's original complaint did not plead a cause of action against Caltrans with the requisite specificity. (*Lopez v. Southern Cal. Rapid Transit Dist*. (1985) 40 Cal.3d 780, 795 (*Lopez*).) Although it alleged motor vehicle negligence against defendants in conclusory terms, governmental tort liability is based on statute and hence " 'to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity.' [Citations.]" (*Ibid.*; see also *Brenner v. City of El Cajon, supra,* 113 Cal.App.4th at p. 439 [cause of action for dangerous condition of public property may not rely on generalized allegations but must specify in what manner the condition constituted a dangerous condition]; *People ex rel. Dept. of Transportation v. Superior Court* (1992) 5 Cal.App.4th 1480, 1484-1486 ["we must not so liberally construe the allegations of the complaint so as to deny the defendant adequate notice to defend the case"]; *Mittenhuber v. City of Redondo Beach* (1983) 142 Cal.App.3d 1, 5; 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 617, p. 749 [every element of the basis for liability of the public entity must be alleged].)

7

Accordingly, the cause of action against CalTrans in the first amended complaint could not relate back to the original complaint because there was no cause of action in the original complaint to which it could relate back.

Nonetheless, Pruett argues CalTrans did not suffer prejudice because it knew the substance of his government claim when he filed the original complaint. But the original complaint did not confirm that it was based on the same theory as Pruett's government claim. (*People ex rel. Dept. of Transportation v. Superior Court, supra,* 5 Cal.App.4th at p. 1486.) The original complaint did not describe the substance of the late claim and did not attach a copy of it. Pruett cites no authority authorizing an exception to the rule of specificity under these circumstances. Moreover, the cases referenced by Pruett do not hold that lack of prejudice requires reversal in this context.

Pruett also argues the trial court abused its discretion in denying leave to amend, but he does not explain how he could amend to cure the deficiencies identified in this opinion.

II

Pruett next contends the trial court committed procedural errors in sustaining the demurrer. He claims (A) the trial court wrongly dismissed his entire complaint when only one cause of action pertained to CalTrans, (B) the affirmative defense asserted by CalTrans did not appear on the face of the amended complaint, and (C) the trial court failed to take judicial notice of the original complaint.

A

Pruett asserts that the trial court wrongly dismissed his entire complaint when only one cause of action pertained to CalTrans. The record does not support his assertion.

The first amended complaint contained two causes of action. The first cause of action asserted a claim against CalTrans for dangerous condition of public property. The second cause of action asserted a claim against Estarziau and Save Mart for negligent operation of a motor vehicle. CalTrans demurred to the "claims alleged against it" in

8

Pruett's first amended complaint, asking the trial court "to dismiss the complaint against the Department." The demurrer did not refer to the second cause of action against Estarziau and Save Mart.

The judgment says the trial court sustained the CalTrans demurrer without leave to amend and that judgment is entered in favor of CalTrans. A judgment following an order sustaining a demurrer without leave to amend as to one of several defendants is proper when the demurrer resolves all claims against the successful demurring defendant. (*Baxter v. Boege* (1916) 173 Cal. 589, 590-594; *Tinsley v. Palo Alto Unified School Dist.* (1979) 91 Cal.App.3d 871, 879-880.) The order and judgment did not refer to Estarziau, Save Mart or the second cause of action, and the judgment did not say that the entire first amended complaint was dismissed.

Thus, contrary to Pruett's assertion, the trial court did not dismiss the entire first amended complaint.[3]

B

Pruett next claims the trial court erred because the affirmative defense asserted by CalTrans -- Pruett's failure to file the amended complaint by the statutory deadline -- did not appear on the face of the first amended complaint.

A demurrer will lie when a defect appears on the face of the challenged pleading or from any matter of which judicial notice may be taken. (Code Civ. Proc., § 430.30, subd. (a); *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 [" ' "[A] complaint otherwise good on its face is subject to demurrer when facts judicially noticed render it defective." ' "].) This applies to a demurrer based on a statutory deadline. (*Coalition for Clean Air v. City of Visalia* (2012) 209 Cal.App.4th 408, 420; *Friends of Shingle Springs*

_____

[3] Of course, the cause of action against Estarziau and Save Mart is not before us and we express no opinion regarding the vitality or merit of that cause of action.

9

*Interchange, Inc. v. County of El Dorado, supra,* 200 Cal.App.4th at p. 1482; *Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 224.)

The challenged pleading in this case -- Pruett's first amended complaint -- alleged that the trial court granted Pruett relief from the claims-filing requirement on or after June 10, 2011.**4** CalTrans asked the trial court to take judicial notice of the following: the order granting relief filed on July 5, 2011, and the first amended complaint filed on August 12, 2011. The record contains no opposition to the CalTrans request for judicial notice, and it was proper for the trial court to take judicial notice of those items. (Evid. Code, § 452, subd. (d).) The filing dates for those items showed that Pruett's first amended complaint was filed 38 days after the filing of the order granting Pruett's petition for relief. Accordingly, the face of the first amended complaint, and the matters of which judicial notice could be taken, established that Pruett's first amended complaint was untimely. The order sustaining the demurrer was appropriate. (*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 746 [affirming judgment of dismissal based on demurrer on statute of limitations grounds]; *Basin Construction Corp. v. Department of Water & Power* (1988) 199 Cal.App.3d 819, 823 [same].)**5**

---

**4** The first amended complaint also alleged that "[p]laintiff's complaint [was] timely" filed. We do not assume the truth of that legal conclusion. (*Aubry v. Tri-City Hospital Dist.*, *supra*, 2 Cal.4th at p. 967.)

**5** The authorities cited by Pruett do not say that a demurrer is an improper method for attacking a cause of action based on a statute of limitations. (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824; *Olden v. Hatchell* (1984) 154 Cal.App.3d 1032; California Rules of Court, rule 3.1320.) In addition, Pruett does not claim to have suffered any prejudice as a result of the use of a demurrer instead of a motion to strike. (*Keenan v. Dean* (1955) 134 Cal.App.2d 189, 195, disapproved on another point in *Wexler v. Goldstein* (1956) 146 Cal.App.2d 410, 414; *Barr Lumber Co. v. Shaffer* (1951) 108 Cal.App.2d 14, 23; *Estate of Black* (1943) 56 Cal.App.2d 796, 801.)

C

Pruett adds that the trial court failed to take judicial notice of the original complaint. But no error is demonstrated in the record. Although the order sustaining the demurrer did not expressly reference Pruett's request for judicial notice, the trial court said it had reviewed the pleadings submitted by the parties in considering the demurrer.

DISPOSITION

The judgment is affirmed.


MAURO                    , J.


We concur:


RAYE                    , P. J.


MURRAY                    , J.


11