**Barbara JORDAN, Plaintiff–Appellee and Cross–Appellant,**

v.

**CITY OF AURORA, and Its Head Librarian in Official Capacity, Defendant–Appellant and Cross–Appellee,**

and

**GAB Business Services, Inc., Defendant and Cross–Appellee.**

No. 92CA1632.

Colorado Court of Appeals, Div. III.

Nov. 18, 1993.

Rehearing Denied Jan. 6, 1994.

Certiorari Denied July 11, 1994.

Andrew T. Brake, P.C., Lee T. Judd, Andrew T. Brake, Denver, for plaintiff-appellee and cross-appellant.

Charles W. Hemphill, Littleton, for defendant-appellant and cross-appellee.

Halaby, McRea, & Cross, Theodore S. Halaby, Leslie L. Schluter, Denver, for defendant and cross-appellee.

Opinion by Judge PLANK.

Defendant City of Aurora appeals the judgment entered on a jury verdict in favor of plaintiff, Barbara Jordan, on her claim of bad faith breach of insurance contract. Plaintiff cross-appeals the trial court's denial of her motion for judgment notwithstanding the verdict regarding her bad faith claim brought under 42 U.S.C. § 1983 (1988) against Aurora and the trial court's dismissal of her claims of negligence and outrageous conduct against GAB Business Services (GAB). We affirm in part, reverse in part, and remand for further proceedings.

In November of 1987, while employed by Aurora, plaintiff suffered a work related injury. Because Aurora was self-insured for workers' compensation claims, plaintiff was referred to a clinic in which Aurora employees could seek treatment for injuries incurred on the job.

On January 7, 1988, Aurora terminated plaintiff because she failed to return to work after the treating physician's release and because of her history of absenteeism. Plaintiff denied she was released by her physician to return to work.

Plaintiff was scheduled to see her treating physician on January 11, 1988; however, once she was terminated from her employment with Aurora, she believed she could not return to her physician for treatment. She did not return to that physician's office until February 8, 1989. Thereafter, the physician authorized surgery which was performed in March of 1989. Disability benefit payments began in May 1989.

Subsequently, plaintiff filed an action against Aurora for estoppel or breach of contract, wrongful discharge, bad faith withholding of workers' compensation benefits in violation of 42 U.S.C. § 1983, and wrongful discharge in violation of public policy. Plaintiff also filed claims against both Aurora and GAB, Aurora's workers' compensation claim adjustor, premised on allegations of bad faith breach of insurance contract, unfair insurance practices, negligence, and outrageous conduct.

As a result of pre-trial rulings, the plaintiff proceeded to trial against Aurora only on the claims of bad faith breach of insurance contract, breach of contract, promissory estoppel, wrongful discharge, bad faith withholding of workers' compensation benefits in violation of 42 U.S.C. § 1983, and wrongful discharge in violation of public policy. The jury found for Aurora on all claims except the plaintiff's claim for bad faith breach of insurance contract, awarding $0 in economic loss, $16,000 in non-economic damages, and $15,000 in exemplary damages. Since plaintiff prevailed on her bad faith claim, the court awarded attorney fees and costs to plaintiff for prosecution of that claim.

The judgments entered in favor of Aurora on the plaintiff's claims of breach of contract, promissory estoppel, wrongful discharge in violation of public policy, and wrongful discharge in violation of 42 U.S.C. § 1983 are not subjects of this appeal.

I.

Aurora argues that because bad faith breach of insurance contract is an action in tort, the Colorado Governmental Immunity Act, § 24–10–101 et seq., C.R.S. (1988 Repl.

Vol. 10A) should have barred plaintiff's claim. We agree.

### A.

Since the issue of applicability of the sovereign immunity defense is a question of law, we must determine whether plaintiff's bad faith claim against Aurora should have been barred by sovereign immunity. We conclude that it is so barred.

■ The tort of bad faith breach of insurance contract is recognized in Colorado. *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985); *see also Leeper v. Allstate Insurance Co.*, 738 F.Supp. 1343 (D.Colo. 1987) (court distinguished between breach of contract damages and tortious bad faith breach of insurance contract damages).

The Colorado Governmental Immunity Act provides a public entity the defense of sovereign immunity against actions for tort injuries except those specified in § 24–10–106, C.R.S. (1988 Repl.Vol. 10A). Further, § 24–10–108, C.R.S. (1988 Repl.Vol. 10A) gives public entities a bar of sovereign immunity for "injury which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant." *See also* § 24–10–105, C.R.S. (1988 Repl.Vol. 10A); *Morrison v. City of Aurora*, 745 P.2d 1042 (Colo.App.1987); *Forrest v. Board of County Commissioners*, 629 P.2d 1105 (Colo.App.1981).

The duty of the insurer to act in good faith when dealing with its insured has been recognized by the General Assembly and Colorado courts. Section 10–3–1113(1)(a), C.R.S. (1987 Repl.Vol. 4A) provides that when an insured brings a tort or contract action against an insurance company, the trier of fact may be instructed that the insurer owes its insured the duty of good faith and fair dealing and that the insurer breaches this duty when the insurer delays or denies payment without a reasonable basis for delay or denial. In *Travelers Insurance Co. v. Savio*, *supra*, our supreme court held that bad faith conduct by the insurer can be established by showing that under the circumstances, the insurer's delay in processing or denial of a valid claim was unreasonable and the insurer

knew that this conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

■ Here, plaintiff prevailed on her claim of bad faith breach of insurance contract. However, because a claim of bad faith is a tort, and none of the exceptions contained in § 24–10–106 apply, the claim is barred by sovereign immunity. Accordingly, the judgment entered on the jury verdict must be vacated. And, a necessary consequence of vacating such judgment is that the attorney fees and costs awarded to plaintiff for her successful prosecution of this claim must also be set aside.

### B.

We note that here the parties did not raise, nor do we consider, the exclusivity of the Workers' Compensation Act as a remedy for claims involving a self-insured employer and an injured employee. Further, we do not determine here whether governmental immunity may extend to protect an agent acting on the government's behalf.

### II.

Plaintiff asserts that the trial court improperly dismissed her negligence and outrageous conduct claims against GAB. Plaintiff argues that she filed her motion to dismiss these claims against Aurora only, and not GAB, and as such, these claims should be reinstated against GAB. We conclude that the outrageous conduct claim against GAB should be reinstated, but that the negligence claim should not.

### A.

GAB filed a motion to dismiss for failure to state a claim on which relief could be granted. Plaintiff amended her complaint dropping GAB from her bad faith claim and substituting it with an intentional interference with contract claim. GAB then moved to dismiss plaintiff's amended complaint for failure to state claims on which relief could be granted. Aurora also moved to dismiss plaintiff's amended complaint.

In response to Aurora's motion to dismiss, plaintiff requested permission to withdraw her sixth and seventh claims for negligence and outrageous conduct. In so doing, she stated:

> The Plaintiff's Negligence/Negligent Misrepresentation/Gross Negligence, and Outrageous Conduct claims are based in contract, as said claims are the result of the employment relationship between Plaintiff and Defendant City of Aurora.... However, Plaintiff will withdraw said claims, and request is hereby made that she be granted leave to amend her complaint to reflect the withdrawal of the sixth and seventh claims for relief.

The trial court, by written order, denied Aurora's and GAB's motions to dismiss. In this order, the trial court also granted plaintiff's request to withdraw her sixth and seventh claims for relief. The order stated:

> Plaintiff has also requested permission to amend her Complaint in order to withdraw her Sixth and Seventh Claims for Relief. Seeing no objection by the Defendants to this request the Court will grant the Plaintiff's request to amend her Complaint as such. The Plaintiff's Sixth and Seventh Claims for Relief are hereby DISMISSED.

Ten months later, when plaintiff discovered her negligence and outrageous conduct claims against GAB had been dismissed, she filed a motion for clarification of the trial court's order which dismissed these claims. Plaintiff argued that she intended to have the claims dismissed against Aurora only and requested the trial court to reinstate the claims against GAB or allow plaintiff to reassert them. The trial court did not grant the plaintiff's motion for clarification. Subsequently, the trial court granted GAB's summary judgment motion on the intentional interference with contract claim and dismissed GAB from the action with prejudice.

Plaintiff now contends the trial court mistakenly dismissed the negligence and outrageous conduct claims against GAB and erred by not granting her motion for clarification. We agree.

■ The record shows that plaintiff intended to withdraw her negligence and outrageous conduct claims against Aurora only. In response to plaintiff's amended complaint, Aurora and GAB filed separate motions to dismiss. Plaintiff responded to each motion separately, and in her response to Aurora's motion, she requested permission to withdraw her negligence and outrageous conduct claims. Although the plaintiff should not have waited ten months to ask the trial court to clarify its order, we conclude this matter must be remanded for further proceedings.

## B.

Since we have determined that plaintiff's negligence and outrageous conduct claims against GAB should not have been dismissed in the manner employed by the trial court, we must decide whether, as a matter of law, the negligence and outrageous conduct claims could be brought against defendant GAB.

In her claim for outrageous conduct, plaintiff alleges that GAB, as Aurora's agent, advised Aurora to delay paying medical bills to plaintiff's doctor, to terminate plaintiff from her employment with Aurora, to terminate plaintiff's temporary disability benefits, and to refuse to authorize plaintiff's surgery. GAB now argues that plaintiff's outrageous conduct claim must be dismissed for failure to state a claim on which relief can be granted.

■ In order to establish an outrageous conduct claim against an agent, the plaintiff must prove the agent's conduct in its independent capacity is what reasonable persons would characterize as atrocious and utterly intolerable in a civilized society. *Gorab v. Equity General Agents, Inc.*, 661 P.2d 1196 (Colo.App.1983). We find this standard presents issues of fact that cannot be resolved on appeal. Hence, this claim must be remanded to the trial court for further proceedings thereon.

## C.

With regard to the negligence claim, we are persuaded by GAB's argument that plaintiff cannot maintain a claim for simple negligence against GAB under *Travelers Insurance Co. v. Savio, supra.*

The Workers' Compensation Act articulates exclusive and comprehensive remedies for injuries that are covered by the Act. *See, e.g., Ryan v. Centennial Race Track, Inc.,* 196 Colo. 30, 580 P.2d 794 (1978). The General Assembly created the Act for the facilitation of appropriate medical treatment and compensation for employment related injuries. The Act contains no provision which expressly allows injured employees to recover for negligence or bad faith occurring as a result of processing a workers' compensation claim.

In *Travelers Insurance Co. v. Savio, supra,* our supreme court recognized a claim for bad faith breach of insurance contract in a first party context. Rather than a simple negligence standard for measuring the conduct of an insurer, the court adopted a different standard which includes two elements: (1) unreasonable conduct and (2) knowledge that the conduct is unreasonable or a reckless disregard for the fact that the conduct is unreasonable. The *Savio* court explicitly indicated: "The conclusion of the Court of Appeals that the tort of bad faith conduct by an insurer in a first-party context requires proof only of simple negligence is erroneous." *Travelers Insurance Co. v. Savio, supra,* 706 P.2d at 1275–76.

Here, because GAB acted as an agent for Aurora, plaintiff's claims against GAB fall within "first-party context." Accordingly, under the Workers' Compensation Act as well as *Savio,* a claim for simple negligence against an insurer or its agent is not recognized in Colorado. Therefore, plaintiff's claim against GAB for negligence must be dismissed as a matter of law.

### III.

It is an undisputed fact that Aurora retained GAB to adjust workers' compensation claims made by Aurora's employees. Plaintiff initially filed a bad faith claim against both Aurora and GAB. GAB filed a motion to dismiss this claim asserting that Colorado law did not recognize insurance bad faith claims against an adjustor without a contractual relationship with the insured. Plaintiff then withdrew the bad faith claim against GAB.

Subsequently, our supreme court decided *Scott Wetzel Services, Inc. v. Johnson,* 821 P.2d 804 (Colo.1991). In that case, our supreme court recognized that, although there was no insurance policy nor contractual relationship between an injured employee and independent insurance adjuster, a duty existed on the part of the adjuster to act in good faith in processing the injured employee's insurance claim. In light of this decision, plaintiff attempted to reassert a bad faith claim against GAB by retroactive application of the *Johnson* decision. The trial court denied plaintiff's motion. It held the *Johnson* decision did not meet the requirements for retroactive application announced in *People in Interest of C.A.K.,* 652 P.2d 603 (Colo. 1982). We disagree with the trial court's conclusion.

Following the United States Supreme Court decision in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), our supreme court adopted a rule which would allow for the retroactive application of decisions in civil cases. The appropriate standard regarding retroactive application of a decision includes the following:

> First, the decision, if it is not to be applied retroactively, must establish a new rule of law. Second, the merits of each case must be weighed by looking to the purpose and effect of the rule in question and whether retrospective operation will further or retard its operation. Third, the inequity imposed by retroactive application must be weighed to avoid injustice or hardship.

*People in Interest of C.A.K., supra,* 652 P.2d at 607.

To establish a new rule of law, a judicial decision must either overrule clear past precedent on which litigant may have relied or must resolve an issue of first impression not clearly foreshadowed by prior precedent. The emergence of a doctrinal basis for a new rule prior to the announcement of this rule is not necessarily equivalent to a finding that the rule was clearly foreshadowed. *Martin Marietta v. Lorenz,* 823 P.2d 100 (Colo.1992).

Here, plaintiff argues that the decision in *Travelers Insurance Co. v. Savio, supra,* implicitly recognized a cause of action against an independent insurance adjuster in the absence of a contractual relationship with the employee. We agree.

Unlike a third party claiming against the insured, plaintiff sought insurance benefits from her insurance carrier, Aurora. Therefore, GAB, as Aurora's agent, owed plaintiff the same duty of good faith.

GAB points to certain Colorado decisions which discuss the insurance carrier's duty to the insured grounded upon the special nature of the insurance contract. *Barrett v. United Airlines, Inc.,* 697 P.2d 408 (Colo.App.1984); *Gorab v. Equity General Agents, Inc., supra; Aetna Casualty & Surety Co. v. Kornbluth,* 28 Colo.App. 194, 471 P.2d 609 (1970). However, we do not find these cases controlling.

Here, GAB stood in the shoes of Aurora in processing plaintiff's claim, and we hold that the decision announced in *Savio* sufficiently foreshadowed a good faith duty imposed on insurance carriers as well as their agents. Thus, plaintiff should have been permitted to reassert her bad faith claim against GAB.

## IV.

Finally, plaintiff contends the trial court erred in denying her motion for judgment notwithstanding the verdict in relation to her bad faith claim under 42 U.S.C. § 1983 against Aurora. The jury found for plaintiff on her bad faith claim; however, her 42 U.S.C. § 1983 claim was denied. Plaintiff argues that because the jury instructions for the bad faith claim and the § 1983 claim were substantially similar, she should have prevailed on the § 1983 claim as a matter of law. We disagree.

A judgment notwithstanding the verdict can be entered only if the evidence is such that reasonable people could not reach the same conclusion as the jury, when viewing the evidence in the light most favorable to the party against whom the motion is directed. C.R.C.P. 59(e); *Boulder Valley School District R-2 v. Price,* 805 P.2d 1085 (Colo.1991). Every reasonable inference that may be drawn from the evidence must be drawn in favor of the non-moving party. *Durango School District No. R-9 v. Thorpe,* 200 Colo. 268, 614 P.2d 880 (1980).

Here, the trial court applied this test and held that the evidence sustained the jury's verdict. Our review of the record supports the trial court's ruling.

Accordingly, the judgment and the award of attorney fees and costs against Aurora is reversed. We affirm the judgment entered in favor of Aurora on plaintiff's claim under 42 U.S.C. § 1983 and the trial court's denial of plaintiff's motion for judgment notwithstanding the verdict on this claim. The cause is remanded for further proceedings on plaintiff's claims of outrageous conduct and bad faith breach of insurance contract against GAB.

METZGER and HUME, JJ., concur.