Thomas A. CARY and Beth Hanna, individually and on behalf of their minor daughter, Dena Cary, Plaintiffs–Appellants and Cross–Appellees,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY and Mutual of Omaha of Colorado, Inc., d/b/a Antero Health Plans, Defendants–Appellees and Cross–Appellants.

No. 00CA0681.

Colorado Court of Appeals, Div. I.

Aug. 30, 2001.

Certiorari Granted April 8, 2002.

Wilcox & Ogden, P.C., M. Anne Wilcox, Ralph Ogden, Denver, CO, for Plaintiffs–Appellants and Cross–Appellees.

Kutak Rock, LLP, Melvin B. Sabey, Gerard V. Reardon, Denver, CO, for Defendant–Appellee and Cross–Appellant United of Omaha Life Insurance Company.

Kennedy & Christopher, P.C., John R. Mann, Christopher K. Miller, Denver, CO, for Defendant–Appellee and Cross–Appellant Mutual of Omaha of Colorado, Inc.

Opinion by Judge ROY.

Plaintiffs, Thomas A. Cary (Cary) and Beth Hanna, individually and on behalf of their minor daughter, Dena Cary, appeal the entry of summary judgment in favor of defendants, United of Omaha Life Insurance Company (United) and Mutual of Omaha of Colorado, Inc., d/b/a Antero Health Plans (Antero). We affirm and do not address the cross-appeals of United and Antero.

Thomas Cary was an employee of the City of Arvada and participated in the city's self-funded Medical and Disability Program Health Care Plan, which was administered by the Arvada Medical & Disability Program Trust. The daughter was Cary's minor dependent and a beneficiary under the plan.

The trust contracted with United for third-party administrator services. United then subcontracted with Antero, its wholly-owned subsidiary, to assist it in performing various claim processing duties under its contract with the trust.

The daughter sustained a serious self-inflicted wound, which required extended treatment, hospitalization, and surgery. United denied coverage for the daughter's injury based upon the plan's self-inflicted injury exclusion.

After exhausting all administrative appeals, plaintiffs filed this action for a judicial declaration that the daughter's injury was covered under the plan and for damages for breach and bad faith breach of an insurance contract against the city, the trust, United, and Antero.

On cross-motions for summary judgment, the trial court ruled that the self-inflicted injury exclusion was ambiguous and had to be construed in favor of coverage. The court granted summary judgment in favor of plaintiffs on their declaratory judgment and breach of contract claims. The trial court found the city and the trust liable for the daughter's medical expenses under the plan.

Finally, the trial court dismissed plaintiffs' bad faith breach of insurance contract claim against United and Antero because there was no contractual relationship between Cary and United or Antero. Following this ruling, plaintiffs settled their claims against the city and the trust, and they are not parties to this appeal.

## I.

■ Plaintiffs first contend that the trial court erred in granting summary judgment in favor of United and Antero. They argue that third-party administrators stand in the shoes of the insurance carriers when they process claims and assume all the duties the carriers owe their insureds, and therefore can be held liable for bad faith breach of an insurance contract. We disagree.

■ Summary judgment is a drastic remedy and should only be granted when it is established that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Hyden v. Farmers Insurance Exchange*, 20 P.3d 1222 (Colo.App.2000). An order granting summary judgment is subject to de novo review. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

■ An insurance contract contains an implied covenant of good faith and fair dealing, and pursuant to this covenant, the conduct of the insurer when processing claims must reflect the quasi-fiduciary relationship that exists between the insurer and the insured by virtue of the insurance contract. The basis for breach of the duty of good faith and fair dealing is the special nature of the insurance contract and the relationship between the insurer and insured. *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo. 1984); *see also Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973).

In *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985), the supreme court held that a workers' compensation insurance carrier could be held liable for bad faith breach of an insurance contract, even absent a direct contract with the injured employee, because the insurance contract was subject to the Workers' Compensation Act. That act provides, "Every contract insuring against liability for [workers'] compensation or insurance policy evidencing the same shall contain a clause to the effect that the insurance carrier shall be directly and primarily liable to the employee...." Section 8–44–105, C.R.S.2000; see also *State Compensation Insurance Fund v. Wilson*, 736 P.2d 33 (Colo. 1987).

Plaintiffs rely on *Scott Wetzel Services, Inc. v. Johnson*, 821 P.2d 804 (Colo.1991), also a workers' compensation case involving a self-insured employer that, as here, em-

ployed a third-party administrator. The court there stated:

> [T]he duty of good faith and fair dealing owed by insurers and self-insurers to workers' compensation claimants is rooted in the Act. The regulations promulgated under the Act specifically contemplate the use of claims administration services by self-insured employers as an important part of the scheme for delivery of workers' compensation benefits....
>
> ....
>
> The self-insurer regulatory scheme therefore specifically envisions the use of independent claims administration services to provide benefits.... The role of a claims adjusting service, therefore, derives not solely from its contract with the self-insured employer, but is based on statute and regulation as part of the benefit-delivery process.

*Scott Wetzel Services, Inc. v. Johnson, supra,* 821 P.2d at 811–12.

However, here, unlike both *Savio* and *Wetzel,* there is no statute modifying the relationship of the parties. There also is no statute contemplating or mandating that self-insured health plans use a third-party administrator or independent claims adjusting services.

A majority of other jurisdictions that have considered the issue hold that there must be an insurance contract between the claimant and the defendant to create a duty sufficient to maintain an action for a bad faith breach of an insurance contract. *Cloud v. Illinois Insurance Exchange,* 701 F.Supp. 197 (W.D.Okla.1988)(insurance exchange cannot be held liable to insured for breach of covenant of good faith and fair dealing on policy issued by one of its underwriting members, because it is not a party to the contract); *Fobes v. Blue Cross & Blue Shield,* 176 Ariz. 407, 861 P.2d 692 (Ct.App.1993)(health insurer's obligation of good faith and fair dealing does not extend to insured's spouse); *Johansen v. California State Automobile Ass'n Inter–Insurance Bureau,* 15 Cal.3d 9, 123 Cal. Rptr. 288, 538 P.2d 744 (1975) (failure to settle); *White v. Unigard Mutual Insurance Co.,* 112 Idaho 94, 730 P.2d 1014 (1986)(tort of bad faith breach of insurance contract based on breach of contractual obligations); *Erie Insurance Co. v. Hickman,* 622 N.E.2d 515 (Ind.1993)(first-party uninsured motorist claim); *Aves v. Shah,* 258 Kan. 506, 906 P.2d 642 (1995)(bad faith breach of insurance contract is a contract, not tort, claim); *United Fire Insurance Co. v. McClelland,* 105 Nev. 504, 780 P.2d 193 (1989)(spouse of insured has no claim for bad faith denial of spouse's medical benefits); *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695 (Tex.1994)(claims adjuster for workers' compensation claims); *Cannon v. Travelers Indemnity Co.,* 994 P.2d 824 (Utah Ct.App.2000)(third-party claim for medical benefits under homeowner's policy).

A minority of courts hold that a claim for bad faith breach of an insurance contract may be brought by or against a nonparty to the insurance contract. *See Bass v. California Life Insurance Co.,* 581 So.2d 1087 (Miss. 1991)(flood insurance adjuster can be liable for gross negligence, malice, or gross disregard for rights of insured); see also *Kirkpatrick v. Merit Behavioral Care Corp.,* 128 F.Supp.2d 186 (D.Vt.2000)(an insurer-insured relationship sufficient to support a bad faith claim is created between the insurer and the employee when a certificate or policy is issued to the employee and the employee pays a portion of the premium). A nonparty management firm that manages the affairs of an insurance exchange, including claims adjusting, may also be held liable for bad faith breach of an insurance contract. *Filippo Industries, Inc. v. Sun Insurance Co.,* 74 Cal.App.4th 1429, 88 Cal.Rptr.2d 881 (1999); *Delos v. Farmers Group, Inc.,* 93 Cal.App.3d 642, 155 Cal.Rptr. 843 (1979).

We agree with the majority of the courts that have considered the issue. Here, the insurance contract was between the city and Cary, and the duty of good faith contained in that contract extends only to the city and not to United or Antero. Neither United nor Antero is a party to the insurance contract between the city and Cary, and an intent to benefit third parties is disclaimed. Accordingly, while the city, as the insurer and a party to the insurance contract between itself and Cary, may owe a duty of good faith and fair dealing to Cary, United and Antero,

which are not parties to an insurance contract with Cary, have no such duty and cannot be liable for a bad faith breach of the insurance contract.

■ Similarly, although in a different context, a division of this court has held that the sales agent of an insurer is not a party to the insurance contract and is not bound by duties created under the contract. Consequently, liability for the tortious breach of the insurance contract cannot be visited upon the sales agent. *Gorab v. Equity General Agents, Inc.*, 661 P.2d 1196 (Colo.App.1983). *See also Lira v. Shelter Insurance Co.*, 913 P.2d 514 (Colo.1996); *Aetna Casualty & Surety Co. v. Kornbluth*, 28 Colo.App. 194, 471 P.2d 609 (1970)(duty owed by the insurer to the insured arises out of the contract between the parties).

Therefore, the judgment for United and Antero on plaintiffs' claim of bad faith breach of an insurance contract was proper.

## II.

We are not persuaded by plaintiffs' reliance on the Deceptive Practices Act, § 10–3–1101, et seq., C.R.S.2000, as a basis for finding United and Antero liable for bad faith breach of contract.

■ The Deceptive Practices Act does not create a private right of action. Hence, the statute cannot be a basis for a claim of bad faith breach of an insurance contract. *Simmons v. Prudential Insurance Co.*, 641 F.Supp. 675 (D.Colo.1986); *Schnacker v. State Farm Mutual Automobile Insurance Co.*, 843 P.2d 102 (Colo.App.1992). *See also Farmers Group, Inc. v. Trimble*, 658 P.2d 1370 (Colo.App.1982)(holding that this statute cannot serve as the sole basis for a civil action brought by a citizen aggrieved by an insurance company), *aff'd*, 691 P.2d 1138 (Colo.1984); *Appel v. Sentry Life Insurance Co.*, 701 P.2d 634 (Colo.App.1985)(following the holding in *Trimble* ), *aff'd*, 739 P.2d 1380 (Colo.1987).

Therefore, we conclude that plaintiffs cannot base their bad faith claim against United and Antero on this statute.

## III.

■ We are also not persuaded by plaintiffs' reliance on § 10–1–101, C.R.S.2000. Section 10–1–101 is a legislative declaration of public policy and legislative purpose upon which the regulation of the insurance industry is premised:

> Such policy requires that all persons having to do with insurance services to the public be at all times actuated by good faith in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe, and practice the principles of law and equity in all matters pertaining to such business.

Plaintiffs urge that this policy statement extends to the entire insurance industry and can be the basis for finding United and Antero liable for bad faith breach of an insurance contract. In support of this proposition, plaintiffs cite *Ballow v. PHICO Insurance Co.*, 875 P.2d 1354 (Colo.1993), in which the supreme court referred to § 10–1–101 to support its holding that the insurer owes an obligation of good faith and fair dealing to the insured. The court stated:

> It is the nature of the relationship *created by the insurance contract,* rather than the activity involved, which determines if the duty of good faith and fair dealing exists.

*Ballow v. PHICO, supra,* 875 P.2d at 1363 (emphasis added).

Here, there was no contract between Cary and United or Antero to create a relationship upon which a claim for bad faith breach of an insurance contract can be premised. Even if the statute imposed a duty on the insurer, it would not necessarily impose a similar duty on a third-party administrator.

## IV.

We also address and reject plaintiffs' contention that the allegation in the complaint that United and Antero acted negligently and breached a duty was sufficient to state a claim for relief.

■ Plaintiffs' contention is premised on an allegation in their bad faith claim that United and Antero acted unreasonably in denying the claim. Even assuming that this allegation is sufficient to assert a separate and independent negligence claim, negligence is not the proper standard for a bad faith

breach of an insurance contract. In order for an insurer to be liable, there must be (1) unreasonable conduct, and (2) knowledge that the conduct is unreasonable or a reckless disregard of the fact that the conduct is unreasonable. *Travelers Insurance Co. v. Savio, supra.* Further, in *Jordan v. City of Aurora,* 876 P.2d 38 (Colo.App.1993), a division of this court held that simple negligence claims against an insurer or its agent are simply not recognized in Colorado and then dismissed the negligence claim against the insurer's agent as a matter of law. *See also Dale v. Guaranty National Insurance Co.,* 948 P.2d 545 (Colo.1997)(uses standard outside workers' compensation setting); *Novell v. American Guaranty & Liability Insurance Co.,* 15 P.3d 775 (Colo.App.1999) (same).

Here, plaintiffs brought an action because their claim was denied. In alleging negligence as a separate claim, plaintiffs address only the first prong of the applicable standard without addressing the second. Therefore, any separate negligence claim must be dismissed as a matter of law.

Having concluded that judgment for United and Antero was proper, we need not address their cross-appeals.

Judgment affirmed.

Judge METZGER and Judge DAVIDSON concur.