[Civ. No. 47890. Second Dist., Div. One. Apr. 8, 1976.]

HARRY IVERSEN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SUNSHIELD INSULATION COMPANY, Real Party in Interest.

**COUNSEL**

Wise, Kilpatrick & Clayton and William D. Easton for Petitioner.

No appearance for Respondent.

Melville H. Nahin and Norman Schafler for Real Party in Interest.

**OPINION**

**THE COURT.**—Petitioner Iversen, a claims supervisor employed by the codefendant insurance company, seeks a writ of mandate to compel the

Los Angeles Superior Court to grant his motion for summary judgment in an insured's action for breach of the duty of good faith and fair dealing.

Following an adverse judgment in a cross-complaint for indemnification, Sunshield Insulation Company (Sunshield) filed an action alleging that the duty of good faith and fair dealing in an insurance contract was breached by reason of a failure to accept a settlement within policy limits and a failure to post a bond on appeal for the entire adverse judgment. The complaint asserts a second cause of action for declaratory relief.[1] Sunshield's insurer, Insurance Company of North America, and the insurer's claim supervisor, petitioner Iversen, are codefendants.

Iversen filed a motion for summary judgment. In his declaration in support of that motion, Iversen stated that he is a claims supervisor for Insurance Company of North America and that he is not a party to any contract with Sunshield including the liability insurance contract involved in Sunshield's action. Iversen also declared that he had no part in the selling and underwriting of the insurance contract between Sunshield and his employer. Sunshield filed no affidavits or declarations in opposition but did submit certain writings which purportedly demonstrate the alleged bad faith. None was written by Iversen.

At the hearing on the motion for summary judgment, Sunshield contended that its allegations for punitive damages were sufficient to allege a fraud cause of action against Iversen. The lower court disagreed but took the motion under submission for 30 days in order that Sunshield might file an amended complaint or counteraffidavits. Nothing further was filed.

One month later, the trial court, in denying the motion for summary judgment, stated "at this juncture Iversen is not shown by any test to be relieved from the triable issue of just what Iversen was." A motion for reconsideration was also denied.

Review by writ of mandate is appropriate in the instant case. ■ "A writ of mandate is a proper remedy to compel a trial court to grant a motion for summary judgment where the affidavits in support of the moving party are sufficient to sustain a judgment in his favor, and his opponent does not by counteraffidavit show facts sufficient

[1]No issue concerning the second cause of action is involved in this proceeding.

to present a triable issue of fact." (*Roman Catholic Archbishop* v. *Superior Court* (1971) 15 Cal.App.3d 405, 410 [93 Cal.Rptr. 338].)

■ Here Iversen's uncontradicted declaration establishes that he is not liable on a cause of action asserting breach of the obligation to deal fairly and act in good faith with respect to an insurance claim. While breach of that obligation sounds both in contract and in tort, the existence of the duty which is the subject of the breach depends upon a contractual relationship. (*Johansen* v. *California State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9, 18 [123 Cal.Rptr. 288, 538 P.2d 744].) The particular relationship is that created by the contract of insurance in which a covenant of good faith and fair dealing is implied as a matter of law. (*Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 429 [58 Cal.Rptr. 13, 426 P.2d 173]; *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 573 [108 Cal.Rptr. 480, 510 P.2d 1032].) Since Iversen is an agent of the insurer and not a party to the contract of insurance, he is not bound by the implied covenant and owes no duty to the insured not to breach it.

*Gruenberg* v. *Aetna Ins. Co., supra,* 9 Cal.3d 566, discusses the issue definitively. In *Gruenberg,* the trial court sustained a demurrer to a cause of action in tort for breach of the duty of good faith and fair dealing in an insurance contract. In *Gruenberg,* our Supreme Court reversed the trial court's decision as to the insurance company defendant but as to the insurance company's agents reached a different result, stating: "Plaintiff alleges that Brown, the insurance adjusting firm, and its employee, Busching, and Cummins, the law firm, and its employee, Ricketts, were the agents and employees of defendant insurers and of each other and were acting within the scope of that agency and employment when they committed the acts attributed to them. However, plaintiff contends that these non-insurer defendants breached only the duty of good faith and fair dealing; therefore, we need not consider the possibility that they may have committed another tort in their respective capacities as total strangers to the contracts of insurance. Obviously, the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing. Moreover, as agents and employees of the defendant insurers, they cannot be held accountable on a theory of conspiracy." (*Gruenberg* v. *Aetna Ins. Co., supra,* at p. 576.)

*Hale* v. *Farmers Ins. Exch.* (1974) 42 Cal.App.3d 681 [117 Cal.Rptr. 146], applies the *Gruenberg* principle to employees of the insurer as well

as to independent contractors who are its agents. The case at bench is indistinguishable from the facts of *Hale* and the rationale of *Gruenberg.*

Sunshield argues that an employee is always liable for his own torts regardless of whether his employer is also liable. (Civ. Code, § 2343, subd. 3.) The argument ignores the proposition that the employee is liable only if his conduct is a tortious breach of duty. Iversen did not breach a duty of good faith owed by him. No other tort is alleged by Sunshield, it having apparently abandoned its untenable claim that the pleading incorporates a cause of action for fraud.

Let a peremptory writ issue commanding the lower court to vacate its November 24, 1975, order denying Iversen's motion for summary judgment and to enter a new and different order granting the motion.