[Civ. No. 62113. Second Dist., Div. Five. May 12, 1982.]

JOSEPH WILSON, SR., et al., Plaintiffs and Appellants, v. HOUSEHOLD FINANCE CORPORATION, Defendant and Respondent.

650

COUNSEL

Lawrence M. Schulner for Plaintiffs and Appellants.

Styskal, Wiese & Melchione and John A. Hendry for Defendant and Respondent.

OPINION

ASHBY, J.—Plaintiffs Joseph and Charline Wilson filed a second amended complaint against defendants Household Finance Corporation and West Coast Life Insurance Company for breach of an insurer's duty of good faith fair dealing with the insured and breach of fiduciary duty. The demurrer of respondent Household Finance Corporation (HFC) was sustained without leave to amend.

Plaintiffs purport to appeal from the order sustaining the demurrer. That is not an appealable order; appeal lies only from a subsequent order of dismissal. However, since the order sustained the demurrer without leave to amend, it is obvious that the court intended a final ruling, and respondent was entitled to the entry of an order of dismissal. The matter has been fully briefed by both sides, and we perceive no prejudice to respondent in considering the merits now. It would be a waste of judicial resources to require dismissal of the appeal, to be followed by the entry of an order of dismissal in the trial court and

another appeal. In such circumstances it has been held the appellate court may modify the order to make it a judgment and construe the notice of appeal to apply to that judgment. (E.g., *Nystrom v. First Nat. Bank of Fresno* (1978) 81 Cal.App.3d 759, 763, 768 [146 Cal.Rptr. 711]; 6 Witkin, Cal. Procedure (2d ed., 1981 pocket supp.) Appeal, §§ 49, 337, pp. 13, 54-55.)

We therefore modify the order sustaining the demurrer to the second amended complaint by adding a paragraph dismissing the action and construe the notice of appeal to be from the order of dismissal. On the merits we conclude the order of dismissal should be reversed.

The second amended complaint sets forth three causes of action, for breach of duty of good faith and fair dealing, breach of fiduciary duty, and breach of an insurer's statutory duties pursuant to Insurance Code section 790.03.

On March 31, 1970, plaintiffs borrowed money from HFC. At the time of the agreement, HFC, acting as agent for West Coast Life Insurance Company, "issued" a group creditor's disability insurance certificate pursuant to the California Personal Property Broker's Law.[1] The insurance certificate provided that if the borrower (plaintiff) becomes totally disabled, then under certain conditions the company (West Coast Life Insurance Company) would pay benefits each month to the creditor (HFC) to be applied by the creditor to reduce or extinguish the unpaid indebtedness of the borrower in the amount of the borrower's monthly instalment payment. The certificate provided that any claim under this coverage should be submitted through the creditor's office to which the borrower's payments are made.

Plaintiff Joseph Wilson made payments on the loan each and every month until February 1, 1971, when, due to permanent disability, he was unable to continue making payments. Plaintiff notified West Coast Life Insurance, through its agent HFC, on February 1, 1971, in compliance with the requirements of the insurance certificate, that he was permanently disabled and unable to make payments on the loan.

'"Defendants" failed to make payments as required under the disability provisions of the policy. Plaintiffs did not know of defendants'

---

[1]See Financial Code section 22458.1.

failure to make payments until January 11, 1980, upon receipt of notice from the Small Claims Division of the Ventura County Municipal Court of a pending action by HFC to recover payments due on the promissory note.

## DISCUSSION

The question presented by this appeal is whether a cause of action has been stated against HFC.[2] The first and third causes of action relate specifically to breach of an insurer's duty of good faith and fair dealing and breach of an insurer's statutory duties pursuant to Insurance Code section 790.03. █ Although the complaint attempts to lump the two defendants together in this regard, we do not agree with plaintiffs' contention that HFC had the duties of an insurer.

Personal property brokers such as HFC are authorized by Financial Code section 22458.1 to "provide" credit life and credit disability insurance to a borrower, subject to the provisions of the Insurance Code which strictly regulate this practice. (Ins. Code, § 779.1 et seq.; Cal. Admin. Code, tit. 10, § 2248 et seq.) But this does not mean that the creditor is in the business of insurance. (See Ins. Code, §§ 790, 790.01, 790.02.)[3] HFC did not obligate itself to pay the claim and was not an insurer. The demurrer was properly sustained insofar as the second amended complaint attempted to impose on HFC the obligations of an insurer.

However, in the second cause of action plaintiffs attempted to state a claim for relief against HFC for breach of fiduciary duty. HFC contends that it was merely an agent of the insurance company and that HFC, as an individual, owed no separate duty to plaintiffs. (See *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 576 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Egan* v. *Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 824 [169 Cal.Rptr. 691, 620 P.2d 141]; *Hale* v. *Farmers Ins.*

---

[2]The causes of action asserted against West Coast Life Insurance Company are not before us.

[3]Plaintiffs misplace reliance on 44 Ops.Cal.Atty.Gen. 79 (1964) where the bank agreed that, for a consideration, the *bank* would cancel the debt if the borrower died. Also distinguishable on its facts is *Delos* v. *Farmers Insurance Group* (1979) 93 Cal. App.3d 642, 651 [155 Cal.Rptr. 843], cited by plaintiffs, where the court held that Farmers Insurance Group, as a management organization which administered Farmers Insurance Exchange, was engaged in the business of insurance and therefore subject to the duties of an insurer.

*Exch.* (1974) 42 Cal.App.3d 681, 702 [117 Cal.Rptr. 146]; *Iversen* v. *Superior Court* (1976) 57 Cal.App.3d 168, 171-172 [127 Cal.Rptr. 49]; *Austero* v. *National Cas. Co.* (1976) 62 Cal.App.3d 511, 515-516 [133 Cal.Rptr. 107]; cf. *Younan* v. *Equifax Inc.* (1980) 111 Cal.App.3d 498, 509-511 [169 Cal.Rptr. 478].) HFC contends that it had no independent duty toward plaintiffs to act upon the claim and did not stand in a fiduciary relationship with plaintiffs. We disagree.

HFC's position in this transaction is not at all like that of the ordinary insurance agent who has no interest beyond earning commissions. Besides having sold the policy to plaintiffs, HFC is also a major beneficiary. The insurance is of mutual benefit to plaintiffs and HFC. It assures that HFC will receive payment, and that plaintiffs' obligations will be satisfied, in the event of plaintiff Joseph Wilson's disability. The policy provides that benefits will be paid directly to HFC, who has the corresponding duty to apply the benefits to plaintiffs' account and, in the event of an excess of insurance over indebtedness, to remit the balance to the borrower. This duty is imposed by law. (Ins. Code, § 779.6.) Thus, as alleged in the second cause of action, HFC has a fiduciary relationship with plaintiffs, at least upon the payment of benefits.

HFC's contention that it has *no duty* toward plaintiffs with respect to the filing of the claim, is without merit. HFC is subject to the duties imposed by the statutes and regulations of the Insurance Commissioner governing this type of business. The preamble to the Insurance Commissioner's regulations contains a lengthy statement of the necessity for regulation of this industry to prevent potential abuses against consumers. (Cal. Admin. Code, tit. 10, § 2248.) Such potential abuses include: failure to inform debtors of their insurance coverage and failure to provide debtors the protection which has been purchased. (Cal. Admin. Code, tit. 10, § 2248, subd. (b).)

Insurance Code section 779.19 specifically provides: "All claims shall be promptly reported to the insurer . . . ." (See also Cal. Admin. Code, tit. 10, § 2248.5.) In the context of the whole statutory scheme and its purposes, this section imposed a specific duty on HFC to notify the insurance company promptly after receiving the notice from plaintiffs. The most reasonable inference from the facts alleged in the second amended complaint is that although plaintiffs gave notice to HFC as required by the terms of the policy, HFC failed in its duty to forward the claim to the insurance company. The second amended complaint adequately alleged the breach by HFC of a specific duty other than the

duty of an insurer. (*Younan* v. *Equifax Inc., supra*, 111 Cal.App.3d at pp. 509-511.)

■ On appeal following the sustaining of a demurrer, the pleadings should be liberally construed with a view toward achieving substantial justice between the parties. (Code Civ. Proc., § 452; *Youngman* v. *Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 244-245 [74 Cal.Rptr. 398, 449 P.2d 462].) The basic question is whether any cause of action is supported by the facts alleged. (*Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103 [101 Cal.Rptr. 745, 496 P.2d 817]; *Jaffe* v. *Carroll* (1973) 35 Cal.App.3d 53, 57 [110 Cal.Rptr. 435].) We hold sufficient facts were alleged to show a breach of duty toward plaintiffs by HFC, a duty owed other than as an insurer. The demurrer should be overruled as to the second cause of action.

The order sustaining the demurrer to the second amended complaint is modified by adding a paragraph dismissing the action. That order of dismissal is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.