Edmund A. GORAB d/b/a Bennett-Shellenberger Realty, Plaintiff-Appellant,

v.

EQUITY GENERAL AGENTS, INC., and California Union Insurance, Defendants-Appellees.

No. 82CA0673.

Colorado Court of Appeals, Div. III.

March 10, 1983.

Richard E. Falcone, Colorado Springs, for plaintiff-appellant.

Donald E. LaMora, Colorado Springs, for defendant-appellee Equity. General Agents, Inc.

Weller, Friedrich, Hickisch & Hazlitt, Geoffrey S. Race, Denver, for defendant-appellee California Union Ins.

KELLY, Judge.

The plaintiff, Edmund A. Gorab, a real estate broker, sued his insurance agent, Equity General Agents, Inc. (Equity General), and his errors and omissions carrier, California Union Insurance Company (Cal Union), alleging negligence, breach of contract, and outrageous conduct. The trial court entered summary judgment dismissing all claims against Equity General for failure of the complaint to state a claim upon which relief could be granted. The court also entered partial summary judgment in favor of Cal Union, dismissing all

negligence claims against it, dismissing the outrageous conduct claims, and reserving for trial those claims based on the conduct of an attorney (retained attorney) procured by Cal Union to represent the plaintiff. As to these latter claims, the trial court entered an order under C.R.C.P. 54(b), and this appeal ensued. We affirm in part and reverse in part.

In his complaint, the plaintiff alleged, among other things, that he had been previously sued concerning a transaction covered by his Cal Union errors and omissions policy, and that these defendants had a legal duty to settle that lawsuit prior to judgment when reasonable to do so. He further alleged that this duty was breached by the defendants when they negligently failed, prior to trial, to respond to and to accept a settlement proposal forwarded and recommended by the retained attorney, although they had promised to do so and knew of the trial date. The plaintiff was therefore forced to accept the settlement offer without the prior consent of Cal Union because of the danger of ruinous adverse publicity and exposure to a judgment in excess of policy limits. The plaintiff also alleged that he was advised by Equity General that his settlement without prior consent resulted in nullification of his policy coverage as to the prior litigation, that the defendants' conduct was a bad faith breach of insurance contract, and that he incurred damages in the amount of the settlement figure together with additional amounts for mental suffering of various kinds.

The plaintiff's breach of contract claim was based on the alleged breach of a policy provision specifying that the insured "shall not be required to contest any legal proceeding unless a lawyer (to be mutually agreed upon by the insured and the company) shall advise that such proceedings shall be contested." According to the complaint, the retained attorney advised that no trial should take place because of the risk of judgment in excess of the policy limits, and accordingly, the cancellation of the policy as to that pending litigation constituted a breach of contract.

In his third claim for relief, the plaintiff alleged that the conduct of the defendants was outrageous in that they intended to inflict severe emotional distress upon the plaintiff and knew such distress was certain or substantially certain to result from their conduct. This conduct was further alleged to have resulted in damage to the plaintiff.

## I.

■ We agree with the trial court's entry of summary judgment in favor of Equity General on the negligence and breach of contract claims. Central to the plaintiff's right to recover on these claims is the contractual relationship arising from the Cal Union errors and omissions policy. *See Aetna Casualty & Surety Co. v. Kornbluth,* 28 Colo.App. 194, 471 P.2d 609 (1970). Since Equity General is the agent of Cal Union, and is not a party to the contract of insurance, it is not bound by duties created under the contract. Accordingly, liability for breach of those duties, whether the breach be contractual or tortious in nature, cannot be visited upon the agent. *Egan v. Mutual of Omaha Insurance Co.,* 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141 (1979), *cert. denied* 445 U.S. 912, 100 S.Ct. 1271, 63 L.Ed.2d 597 (1979); *Iversen v. Superior Court,* 57 Cal.App.3d 168, 127 Cal.Rptr. 49 (1976).

While the outrageous conduct claim does not necessarily rest upon the existence of a contractual relationship between Equity General and the plaintiff, here, there are no allegations against the agent, in its independent capacity, of conduct which reasonable persons could characterize as atrocious and utterly intolerable in a civilized community. *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970). Therefore, the third claim for relief was properly dismissed as to Equity General. *First National Bank v. Collins,* 44 Colo.App. 228, 616 P.2d 154 (1980).

## II.

■ We agree with the plaintiff, however, that the trial court erred in dismissing his tort claims against Cal Union. In so ruling, the trial court interpreted the complaint as based on the theory of negligent

refusal to settle a claim, and interpreted *Aetna Casualty & Surety Co. v. Kornbluth, supra,* as authorizing recovery only in those cases in which a judgment in excess of the policy limits had already been obtained.

We do not interpret *Kornbluth* so narrowly. We there said that:

"The possession [of the right to absolute control of the defense of actions against the insured] necessarily imposes a correlative duty on the part of the insurance company to ascertain all facts upon which a decision to settle or to compromise a given claim against its insured can be based if the asserted claim falls beyond the policy limits. *The duty imposed stretches beyond this and requires, not only the full ascertainment of facts upon which to base a judgment and the making of a judgment, but there must be a willingness, within the policy limit, to spend money in purchasing immunity for the insured, and due care must be exercised in ascertaining the facts, learning the law, and appraising the danger to the insured."* (emphasis supplied).

The insurer's decision on questions of settlement must be preceded by the exercise of that degree of care and diligence which a reasonably prudent person would use under the same or similar circumstances, and the general standard of negligence is the measure by which the discharge or failure to discharge that duty must be gauged. *Aetna Casualty & Surety Co. v. Kornbluth, supra.*

Moreover, the trial court, noting one policy provision prohibiting voluntary payments by the insured and another policy provision prohibiting suit against the company until the amount of the insured's obligation to pay "shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company," concluded that the plaintiff could not recover as a matter of law on his negligence claims. The flaw in this disposition "lies in the application of the contractual standard of performance in measuring the defendant's duty in tort." *Metropolitan*

*Gas Repair Service, Inc. v. Kulik,* 621 P.2d 313 (Colo.1980). As the court said in *Kulik,* the contractual obligation is only the matrix, not the touchstone, from which an independent tort obligation may arise. Accordingly, where the existence of the duty and its breach have been pleaded and denied, resolution of the issues raised is for the fact-finder. *See Farmers Group, Inc. v. Trimble,* 658 P.2d 1370 (Colo.App.1982) (*cert. granted* January 17, 1983).

### III.

In addition to the negligence claim, however, the plaintiff's complaint also alleged the tort of bad faith breach of insurance contract, which is characterized by intentional or willful conduct. *Farmers Group, Inc. v. Trimble, supra.* Since an insured who is injured by bad faith breach of an insurance contract may be entitled to compensatory damages, including damages for emotional distress, *Farmers Group, Inc. v. Trimble, supra,* the trial court also erred in entering summary judgment against the plaintiff on this claim for relief.

### IV.

The plaintiff argues that the trial court improperly dismissed his claim for breach of contract. We do not regard the trial court's ruling as having had that effect. The trial court did not enter an order expressly dismissing the plaintiff's second claim for relief based on breach of contract. We conclude that the trial court's references to certain allegations in the first claim for relief as providing the basis for breach of contract relief were hortatory observations and were not intended to define the sole basis upon which the plaintiff's breach of contract case might depend. Hence, the second claim for relief based on breach of contract remains to be tried upon remand.

### V.

Finally, the totality of Cal Union's alleged conduct leads us to conclude that reasonable persons could differ on the question whether there was outrageous conduct. As noted in *Trimble, supra,* the definition of

extreme and outrageous conduct is qualified by the rule that "[c]onduct, otherwise permissible, may become extreme and outrageous if it is an abuse by the actor of a position in which he has actual or apparent authority over the other, or the power to affect the other's interests." *Zalnis v. Thoroughbred Datsun Car Co.,* 645 P.2d 292 (Colo.App.1982). Since this qualification is here applicable, summary judgment in favor of Cal Union on the outrageous conduct claim was improper.

The judgment dismissing the complaint against Equity General Agents, Inc., is affirmed; the summary judgment in favor of California Union Insurance Company is reversed; and the cause is remanded with directions to reinstate the plaintiff's complaint against California Union Insurance Company and for further proceedings thereon.

VAN CISE and KIRSHBAUM, JJ., concur.