## WILLIAM SCRIBNER *v.* AIU INSURANCE COMPANY ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW LONDON | FILE No. 527659 |
|---|---|---|

Memorandum filed April 12, 1994

*Reardon & Nazzaro,* for the plaintiff.

*Bai, Pollack & Dunnigan,* for the named defendant et al.

*Danaher, Tedford, Lagnese & Neal,* for the defendant George DuBorg.

HENDEL, J. This is an action brought by the plaintiff against the defendants AIU Insurance Company (AIU), American International Adjustment Company (American) and George DuBorg for damages resulting

from the defendants' alleged bad faith, reckless and wilful misconduct and defamation.

The plaintiff alleges the following facts. On or about March 20, 1987, the plaintiff sustained personal injuries when a vehicle in which he was a passenger was involved in an accident. At the time of the accident, Raymond Hester, the owner and operator of the vehicle, possessed an automobile insurance policy (policy) issued by the defendant AIU, under which AIU agreed to provide Hester uninsured and underinsured motorist benefits in accordance with General Statutes § 38a-336.

On or about July 7, 1989, the plaintiff demanded that AIU and American proceed with arbitration of the plaintiff's claim for underinsured motorist coverage as the limits of all liability insurance policies had been exhausted in accordance with § 38a-336 (b) and the plaintiff had not been adequately compensated for his injuries. On August 20, 1989, the plaintiff offered to settle his claim with AIU and American for the amount of the policy limit. This offer, however, was refused. On August 29, 1989, the plaintiff again demanded that AIU and American proceed with arbitration. The defendants again refused.

On September 23, 1991, the court ordered AIU and American to proceed with arbitration under the terms of the policy. On or about December 5, 1991, the plaintiff requested payment of $150,000 in full settlement of his claim. AIU and American, relying in part on the investigation and advice of DuBorg, an attorney employed by AIU and American to represent them in the adjustment, settlement and payment of underinsured and uninsured motorist benefits claims pursuant to § 38a-336, disregarded the plaintiff's request.

The arbitration commenced on December 5, 1991, and, due to the defendants' delaying tactics, continued

until September 30, 1992. The arbitrators awarded the plaintiff the policy limit amount of $200,000. On or about October 20, 1992, AIU paid $200,000 to the plaintiff.

For a period of three years before and throughout the arbitration process, the plaintiff requested repeatedly that his claim be processed diligently and promptly and that he be paid the amount of the policy limit of the underinsured motorist coverage. The defendants, including DuBorg, however, refused to cooperate and delayed the resolution of the plaintiff's claim.

During these three years, the defendants, at the behest of DuBorg, undertook an excessive investigation of the plaintiff that included following him in his daily affairs, conducting surveillance of him and of his home, photographing and videotaping him, interviewing and harassing his friends and invading his privacy. Prior to the arbitration, the defendants made false and misleading statements to others defaming the plaintiff's character and integrity.

DuBorg has moved to strike counts two, four and six of the plaintiff's revised complaint. Counts four and six of the revised complaint were resolved at the time of the hearing. Count two of the revised complaint, alleging bad faith against DuBorg, remains for the court's consideration.

The essential allegation of count two is contained in paragraph twenty-three of the revised complaint, which states: "By the aforesaid conduct, the defendant George DuBorg breached an implied covenant of good faith and fair dealing, contrary to his obligation to deal with the plaintiff, an insured, in a fair and reasonable manner." DuBorg argues that an insured has no right of action for breach of an implied covenant of good faith and fair dealing against an attorney hired by the insurer to resolve the insured's claim.

A motion to strike challenges the legal sufficiency of the allegations of a complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book § 152 (1); *Ferryman* v. *Groton,* 212 Conn. 138, 142, 561 A.2d 432 (1989). The facts in the complaint are to be construed in the light most favorable to the pleader. *Bouchard* v. *People's Bank,* 219 Conn. 465, 471, 594 A.2d 1 (1990). If the facts provable under the allegations of the pleading would support a cause of action, the motion to strike must fail. *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 109, 491 A.2d 368 (1985).

Connecticut courts recognize the existence of an implied covenant of good faith and fair dealing in contracts of insurance. *Buckman* v. *People Express, Inc.,* 205 Conn. 166, 170–71, 530 A.2d 596 (1987). One Connecticut court has recognized a tort cause of action based on an insurer's unreasonable and bad faith failure to compensate an insured for a loss covered by the insurance policy. *Grand Sheet Metal Products Co.* v. *Protection Mutual Ins. Co.,* 34 Conn. Sup. 46, 51, 375 A.2d 428 (1977). The court in *Grand Sheet Metal Products Co.* recognized that "there is no Connecticut authority either supporting or opposing such an implied duty of good faith and fair dealing between the insurer and the insured." Id., 49. No subsequent Connecticut case has addressed this issue.

The basis for the court's holding in *Grand Sheet Metal Products Co.* was the decision of the California Supreme Court in *Gruenberg* v. *Aetna Ins. Co.,* 9 Cal. 3d 566, 510 P.2d 1032, 108 Cal. Rptr. 480 (1973). In *Gruenberg,* an insured sued three insurers, an investigative service hired by the insurers, a claims adjuster employed by the investigative service, the law firm that represented the insurers in the resolution of the plaintiff's claim and an attorney employed by the law firm. The plaintiff sought damages resulting from alleged bad

faith and outrageous conduct in denying payment of the fire policies issued by the insurers. Id., 569 n.1.

The court in *Gruenberg,* addressing the liability of those defendants other than the insurers, concluded: "Obviously, the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing." Id., 576.[1]

*Gruenberg* was subsequently followed by a California appellate court in *Iversen* v. *Superior Court of Los Angeles County,* 57 Cal. App. 3d 168, 127 Cal. Rptr. 49 (1976). In *Iversen,* an insured brought an action alleging bad faith against both the insurer and the plaintiff, a claims supervisor employed by the insurer. The court held: "Here Iversen's uncontradicted declaration establishes that he is not liable on a cause of action asserting breach of the obligation to deal fairly and act in good faith with respect to an insurance claim. While breach of that obligation sounds both in contract and in tort, the existence of the duty which is the subject of the breach depends upon a contractual relationship. . . . The particular relationship is that created by the contract of insurance in which a covenant of good faith and fair dealing is implied as a matter of law. . . . Since Iversen is an agent of the insurer and not a party to the contract of insurance, he is not bound by the implied covenant and owes no duty to the insured not to breach it." (Citations omitted.) Id., 171.

Although Connecticut recognizes a common law duty of an insurer to act in good faith in the settlement of

---

[1] Prior decisions of the California courts of appeal held that a duty of good faith and fair dealing could be imposed upon an attorney employed by an insurer. *Lysick* v. *Walcom,* 258 Cal. App. 2d 136, 148–49, 65 Cal. Rptr. 406 (1968); *Ivy* v. *Pacific Automobile Ins. Co.,* 156 Cal. App. 2d 652, 663, 320 P.2d 140 (1958) ("[t]he obligation of fair dealing and the duty to act in good faith rests equally upon the insurance company and the attorney"). These cases, however, were implicitly overruled by the California Supreme Court's holding in *Gruenberg* v. *Aetna Ins. Co.,* supra, 9 Cal. 3d 566.

the claims of its insured, a cause of action for breach of that duty may be asserted only against an insurer. *Gruenberg* v. *Aetna Ins. Co.,* supra, 9 Cal. 3d 576. An action for bad faith, therefore, does not lie against a person who is not a party to the contract of insurance, including an attorney. See id.

DuBorg's motion to strike count two of the plaintiff's revised complaint, therefore, must be granted because DuBorg was not a party to the contract of insurance.

For the aforementioned reasons, the court strikes count two of the plaintiff's revised complaint.