[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 23, 1997
The plaintiff has brought this negligence complaint against the defendants, Robert Torelli, the City of New Haven, and the New Haven Police Department. He seeks damages arising out of a July 4, 1991 collision between an automobile operated by him and another operated by Torelli, a New Haven police officer. Following the accident, the driver of the plaintiff's vehicle produced identification in the name of Irving Martinez, but in the course of discovery, he eventually acknowledged that his real name was Miguel Santiago and that he has, for the past several months, been confined by the Department of Correction under the name Miguel Santiago.
The defendants have filed a motion to dismiss alleging a lack of subject matter jurisdiction, based on their contention that the plaintiff lacks standing to bring this action because he is not in fact Irving Martinez, the party purportedly involved in the accident. In response, the plaintiff has argued that the issue of whether or not the plaintiff can show he is the person injured in the accident is for the jury to decide based on the plaintiff's proof at trial.
"[T]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). The court does not have subject matter jurisdiction in the absence of standing. Gay and LesbianLaw Students v. Board of Trustees, 236 Conn. 453, 483 n. 8 (1996).
"Standing is the legal right to setjudicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Eternal quotation marks omitted.) WindhamCT Page 3630Taxpayers Assn. v. Board of Selectmen, 234 Conn. 513, 525,662 A.2d 1281 (1995).
This court held an evidentiary hearing to determine the plaintiff's true identity and the circumstances under which he utilized an alias. At the hearing, the plaintiff testified that his true name is Miguel Santiago but that he had purchased some "papers" bearing the name of Irving Martinez from an unknown person and used them to obtain a driver's license from the department of motor vehicles. He testified that he had done this because he was too young to drive or obtain a job and that he continued to use the name of Martinez after he was old enough to seek employment and obtain a license in his own name. He stated that he had been using the Martinez identity for some time prior to the accident and that he did not specifically use it for any purpose related to this accident other than to provide identification.
The plaintiff also testified that it was in fact he who was involved in the accident in question and introduced photographs from the scene of the accident showing him in the car, on the stretcher, and being placed in an ambulance. He also introduced ambulance and hospital bills resulting from the accident which were in the name of Martinez. The plaintiff also testified that he used the name Martinez when he sought legal counsel.
The defendants introduced evidence tending to show that there is, or at least was, an Irving Martinez living in New Haven with the same date of birth as that on the driver's license presented by the plaintiff. That date of birth is different from Miguel Santiago's stated date of birth. They did not, however, introduce any evidence contradicting the plaintiff's assertion that he is the individual who was involved in the accident.
The defendants' claim in connection with this motion to dismiss is that the court lacks subject matter jurisdiction because the plaintiff does not have standing to maintain the action. The defendants argue that the plaintiff is not a proper party because he admits that he is in fact Santiago, and the person in the accident was Martinez. It is apparent, however, that the "Martinez" in the accident was in fact Santiago.
The defendants also argue that "[a] complainant lacks standing to bring a suit under a new identity where that identity was published for the first time after the subject matter of the CT Page 3631 complaint had occurred," but the evidence at the hearing established that the plaintiff had been using the Martinez identity for some time prior to the accident.
Finally, the defendants contend that an individual named Irving Martinez has been identified by their investigators, and that this Martinez is not the plaintiff. They therefore claim that to allow the plaintiff to go forward with the suit would violate the real Irving Martinez's rights, given that the plaintiff does not have — authority to bring suit on behalf of Martinez, but they have been unable to substantiate their contentions that, for example, a defendants' verdict could subject the real Irving Martinez to the imposition of costs.
The plaintiff contends that the issue of whether the plaintiff is the Martinez of the complaint is an issue of fact to be determined by the jury. Because the testimony at the evidentiary hearing established that the plaintiff is in fact Santiago, the only issue is whether the plaintiff has standing to sue under his assumed name.
"[T]he standing doctrine requires a plaintiff to demonstrate two acts. First, the complaining party must be a proper party to request adjudication of the issues. . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." (Citations omitted; internal quotation marks omitted.) Golden HillPaugussett Tribe of Indians v. Southbury, 231 Conn. 563, 571,651 A.2d 1246 (1995). "[I]f unauthorized lawsuits were allowed to proceed, future rights of the named parties might be severely impaired." Id., 573.
The defendants' argument that the plaintiff is not the proper party to bring suit because he does not have authority to represent the real Martinez lacks merit because the evidence adduced at the hearing shows that the plaintiff was the individual involved in the accident and is suing based on injuries that he allegedly received. The issue of authority to represent another party does not come into play because Santiago is not suing on behalf of Martinez. Rather, Santiago is suing for his own alleged injuries, but using an assumed identity.
"It is a familiar principle, that a man, either in his general dealings or in a particular transaction, may adopt whatever name he chooses, and he will be bound accordingly . . . CT Page 3632 And it seems to be held, . . . that a party is at liberty to sue whether in his own proper name or in the assumed name, for in either case it is one and the same person bound, and there is no question as to assignment or the real party in interest." (Citations omitted; internal quotation marks omitted.) Lewis v.Scoville, 94 Conn. 79, 85, 108 A. 501 (1919). Thus, "[i]t is a well-established principle of common law that a person is free to adopt and use any name that he or she sees fit if it is not done for any fraudulent purpose and does not infringe upon the rights of others." Custer v. Bonadies, 30 Conn. Sup. 385, 318 A.2d 639
(1974).
It should be noted that parties wishing to use fictitious names should apply to the court for permission to use a pseudonym. "The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest." Buxton v. Ullman,147 Conn. 48, 60, 156 A.2d 508 (1959), rehearing denied, 368 U.S. 869
(1961). See also Doe v. Diocese Corp., 43 Conn. Sup. 152, 158,647 A.2d 1067, 11 CONN. L. RPTR. 519 (1994). This, however, is not a situation involving a fictitious name, such as "John Doe," but rather a real name used as an alias.
Furthermore, it "is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with a legal capacity to sue." (Internal quotation marks omitted.) Issac v. Mount Sinai Hospital, 3 Conn. App. 598, 600,490 A.2d 1024 (1985). See also Estate of Schoeller v. Becker,33 Conn. Sup. 79, 79, 360 A.2d 950 (1975). This plaintiff is such a person.
This court, of course, does not condone the plaintiff's using purchased documents to obtain a driver's license in another's name, but there has been no evidence presented that tends to suggest that the plaintiff adopted the name of Martinez for a fraudulent purpose with regard to the bringing of this lawsuit.
The plaintiff testified without contradiction that he did not use the name Martinez with the intent to deceive anyone with regard to this case, although he readily admitted his using purchased documents to obtain a license that he would then have been too young to obtain in his own name.
Thus, the Martinez license was not obtained in order to CT Page 3633 commit fraud with regard to the lawsuit or to fabricate the lawsuit. While presenting a fraudulently obtained license at the scene of an accident is an offense, it does not undermine the right of this plaintiff to sue for damages arising out of injuries he claims he sustained in the accident in question here.
Because the evidence adduced at the evidentiary hearing shows that the plaintiff is the individual who was involved in the accident and thus is the proper party to bring suit, and because he did not use his assumed name for any fraudulent purpose in connection with the bringing of this action, this court concludes that the plaintiff has standing to bring this action. The court therefore has subject matter jurisdiction, and the motion to dismiss is therefore denied.
SILBERT, J.