[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The caption in this case, when originally brought, reads JohnDoes v. Mela Orkisz. The plaintiff apparently had wished to proceed anonymously for personal reasons due to the nature of the case and the embarrassment that might be caused to him if his true name were to be used. The plaintiff did not secure the court's permission to file such a pleading.
The defendant then filed a motion to dismiss which is now before the court. The defendant argues that, absent permission from the court, a fictitious plaintiff has no right to invoke the court's jurisdiction — the complaint must be dismissed "for lack of jurisdiction over the subject matter."
Section 52-45(a) of the General Statutes says that "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance." (Emphasis added.) Predecessor statutes to § 52-45a, using similar language to that quoted here, appear, for example, in Title I, Section 1 of the Statutes of 1844 and at Section 892 of the General Statutes, revision of 1867. In commenting on the immediate predecessor statute to § 52-45(a), the court in Buxton v. Ullman, 147 Conn. 48, 59
(1959), said: "General Statutes § 52-89 provides in pertinent part that writs in civil actions shall describe the parties,presumably by their real names, so that they may be identified." (Emphasis added.)
At the same page, the Buxton court, however, referred to a CT Page 12820 section of the 1951 Practice Book (also see § 268 of 1963 Practice Book) which is a predecessor to the current § 6-2 of the Practice Book. The court noted that: "Practice Book § 199 states, among other things, that `in the captions of pleas, answers, etc., the parties may be described as John Doe v.Richard Roe, et al., but this will not be sufficient in a judgment file, which must give all the data necessary for use in drawing the execution.'"
The court went on to say that, given the "distressing" nature of the details of the case before it, it is "understandable" that the parties "would wish to remain anonymous." Id., page 60. But the court recognized the strong public interest in having the names of litigants and the identity of the people being sued and bringing the suit available for public inspection. To accommodate what are competing and conflicting interests, cf. Doe v. DioceseCorp. , 43 Conn. Sup. 152, the Buxton court set up clear and precise guidelines regarding the procedure to be used by a party seeking anonymous status. At page 60, the court said:
 To obviate any possibility that the parties and the issues raised are fictitious and that the jurisdiction of the court is being invoked to decide moot questions, a plaintiff who desires to use a name other than his [sic] own should, before the case is presented in court, acquaint the court of his [sic] desires, establish the fact that the parties and issues are real although the names used are fictitious, and secure the court's consent, as was done in these cases.
The court indicated that the judge to whom the application is addressed has discretion as to whether any such application should be granted by the following language: "The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest." Id., page 60. Sometimes it may be necessary to hold an evidentiary hearing to determine such an issue with finality after allowing a party to bring suit with anonymous status pending the scheduling of such a hearing. Doe v. DioceseCorporation, supra. The practice suggested in Buxton, requiring preliminary court approval, is precisely the practice under the Federal Rules of Civil Procedure, Rule 10(a), which, like our Practice Book § 6-2, requires that the complaint "include the names of all the parties"; cf. Doe v. Rostken, 89 F.R.D. 158
CT Page 12821 (N.D., Cal., 1981), which notes not by explicit rule but by practice, the federal district courts "have carved out limited exceptions to Rule 10 where the parties have strong interests in proceeding anonymously." Id. p. 161.
It is clear that the plaintiff in this case did not follow the procedure mandated in Buxton v. Ullman, supra. An application to proceed in anonymous status with a copy of the complaint should be submitted to a judge. The judge then reviews the application and denies it or permits it, or permits it for the purposes of commencement of the suit but then schedules an immediate hearing to further explore whether anonymous status should be permitted to continue. If the court has allowed the plaintiff to proceed anonymously, the defendant can of course request a hearing to ask for the same anonymous status or to oppose the continuation of that status for the plaintiff. These procedures are the only fair way to accommodate the public interest in having knowledge of what goes on in the courts and the plaintiff's or, even eventually, the defendant's interest in securing anonymous status where appropriate, cf. Doe v. DioceseCorporation, supra.
The question remains as to whether a suit should be dismissed for lack of subject matter jurisdiction where, as here, the plaintiff has brought suit under a fictitious name without first securing the court's permission.
There are no Connecticut cases on point but counsel has cited several cases from other jurisdictions that it is claimed stand for the proposition that the existence of the person named in the lawsuit relates to the existence of a cause of action and therefore is jurisdictional. An action brought by a non-existent plaintiff is a "nullity" and must be dismissed. Oliver v. SwissClub Tell, 35 Cal.Rptr. 324 (1963); Proprietors of Mexican Millv. Yellow Jacket Silver Mining Co., 4 Nev. 40; Embassy RowAssociates v. Rawlins, 292 S.E.2d 541 (Ga., 1982); Miller'sEstate, et al. v. St. Joseph's Country Home, 67 N.E.2d 880 (Ind., 1949). Other cases from Georgia the court has read are OrangeCounty Trust Co., et al. v. Estate of Takowsky, 166 S.E.2d 913
(1969); Smith v. Commissioner of Roads Revenue of Glynn County,et al., 31 S.E.2d 648 (1944); Haynes, et al. v. ArmourFertilizer Works, 92 S.E. 648 (1917). Since the Georgia courts regard the issue as one of subject matter jurisdiction or something akin to that hallowed doctrine they also go far as to say that, since the original action by the fictitious party is a CT Page 12822 nullity, there is no case in court and an amendment adding the name of a real existing party will not be permitted. Smith v.Commissioners of Glynn County, supra, 31 S.E.2d at page 649;Orange County Trust Co., et al. v. Estate of Takowsky, 160 S.E.2d at page 915. Such reasoning would be consistent with the ruling of our court in FDIC v. Peabody N.E., Inc., 239 Conn. 93 (1996).
The California case of Oliver v. Swiss Club Tell, supra, involved a factual dispute as to whether the defendant unincorporated association had ceased to exist some 25 years before suit was brought. At 35 Cal.Rptr. page 329, the court said:
. . . a nonentity is incapable of suing or being sued. . . Where a suit is brought against an entity which is legally nonexistent, the proceeding is void ab initio and its invalidity can be called to the attention of the court at any stage of the proceedings.
Interestingly enough, the court in Oliver seemed to recognize the propriety of resolving the issue of whether the party sued was a real entity by means of an evidentiary presentation — in that case affidavits were examined by the court. In other words, the suit is not dismissed on subject matter jurisdiction grounds without a hearing to determine whether the cited party is an existing person or entity.
In our state, the plaintiff's proceeding by way of an anonymous caption in the writ should not raise subject matter jurisdiction problems. As noted Practice Book § 6-2
recognizes the fact that parties may be described as John Doe and Richard Roe. Buxton v. Ullman, supra, permits such a practice at least after application is first made to the trial court.
What really is involved here is a claim that the plaintiff did not follow the procedure set forth in Buxton v. Ullman to proceed anonymously — this raises question of insufficiency of process under subsection (4) of Practice Book § 10-31 not subject matter jurisdiction under subsection (1). As noted inConnecticut Civil Procedure, Stephenson, Vol. I at 106, page 436, at common law defects in process were properly raised by a plea in abatement but, since the eighteenth century, a group of statutes have provided relief from many types of defects in the writ. Stephenson goes on to note that under these statutes "many minor defects will be ignored even if specifically raised CT Page 12823 by a plea in abatement" (the ancestor of Practice Book § 10-31(4) motion to dismiss). Stephenson notes cases where the ameliorative statutes were used to save a writ where the defendant signed as defendant without appending his name, Wilcoxv. Chambers, 34 Conn. 179 (1867); in another case a judge held that the omission of the defendant's address from the writ was not such a defect as would abate the writ. Burger v. Frohlich, 4 Conn. Cir. 468 (1967). Stephenson refers to two statutes, §§ 52-124 and 52-125, now "amend any defect, mistake, or informality in the writ . . . during the first twenty days after the return date"; an even earlier statute allowed amendment of the writ even after a plea of abatement was upheld. Our present motion to dismiss, unlike the common law plea in abatement, does not permit repleading after the motion to dismiss is granted. But a descendant of the ameliorative statutes Stephenson discussed is still operative. Section 52-123 states: "No writ, pleading, judgment or any kind of proceeding in court . . . shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the court." This case is an appropriate one for the application of § 52-123. No apparent prejudice has been done to the defendant by the plaintiff's inappropriate use of anonymous status in the complaint. From the oral argument on this matter, the court has no reason to reach any other conclusion than that from the day the complaint was served the defendant knew the exact identity of the plaintiff. The interest prejudiced by the plaintiff's failure to comply with the procedure set forth in Buxton v. Ullman,supra, was the public interest in full disclosure. But less than three months after suit commenced the plaintiff sought to amend the complaint by adding the true name of the plaintiff. The plaintiff's failure to follow the Buxton v. Ullman procedure appears to have been inadvertent and there seems to have been a good faith desire to proceed anonymously and belief that such action was appropriate when the suit was brought initially. Thus, the court concludes that the motion to dismiss should not be granted on subject matter jurisdiction grounds nor would it have granted such a motion if there was an allegation of insufficiency of process under Practice Book § 10-31(4). To summarize the net effect of the court's position is that a party can certainly bring a motion to dismiss based on lack of subject matter jurisdiction at any time. But if it does so an evidentiary hearing may be necessary and the court can consider matters not set forth in the complaint, Garden Mutual Benefit Association v.Levy, 37 Conn. Sup. 790 (1981).[1] It became apparent at the CT Page 12824 argument on this motion that it was not in dispute that the anonymous plaintiff was not a fictitious non-existing person but a real person whose lawyer proceeded by anonymous status inappropriately. Subject matter jurisdiction was therefore not implicated and only subsection (4) of PB § 10-31 was implicated and, as indicated, the court does not believe granting the motion even under that subsection is warranted.
As discussed earlier, another judge granted a motion to amend the complaint by adding the plaintiff's real name prior to the hearing on this motion to dismiss. The court concludes the action of another judge in permitting the amendment filed by the plaintiff setting forth his true name was appropriate since subject matter jurisdiction is not implicated nor is dismissal otherwise appropriate.
However, having said all that the fact still remains that the plaintiff did not follow appropriate procedure in proceeding anonymously. The court has discussed this matter with the clerk and despite the fact that the plaintiff has amended its complaint the only way to ensure that the caption is changed for the computer records of the court is for the plaintiff to file a substituted complaint indicating the plaintiff's true name with a copy of the complaint certified to defense counsel. Of course, the new complaint need not be served again on the defendant but is merely to be prepared and, along with a motion to substitute party, sent like any other pleading to the Clerk, Mrs. Dubin, who will then add it to the file. Plaintiff's counsel should take this action within ten days of the court's decision and the court is requesting this procedure to fulfill its own obligation to assure, apart from the position of the parties, that the public have full access to and information concerning court files.
The motion to dismiss is, however, denied.
CORRADINO, J.