[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO PROCEED IN FICTITIOUS NAME
The plaintiff sub nom John Doe II brings this action to enjoin certain proceedings before the defendant Statewide Grievance Committee. He requests that he be allowed to proceed under the fictitious name in order to avoid embarrassment and stigma attached to the substance of his claim.
The plaintiff is an attorney licensed to practice law in Connecticut. A complaint with the Statewide Grievance Committee was filed by a former client in January 1995. The complaint was referred to a local grievance panel which conducted confidential proceedings. Conn. P. B. § 2-32 (g). The panel found probable cause that the plaintiff had engaged in misconduct and referred the matter to the Statewide Grievance Committee for further action, pursuant to Conn P. B. § 2-35. The complaint was the subject of a hearing by a reviewing panel of the Statewide Grievance Committee, a hearing which was attended by the plaintiff and his counsel. Pursuant to § 2-35 (c), the hearing was public and on the record. The plaintiff's actual name was used, and his identity was known to all present. Pursuant to Practice Book rule, all hearings of the Statewide Grievance Committee following a determination of probable cause are public hearings.
Thereafter the reviewing panel took over three years to once again communicate with the plaintiff, and the panel has yet to render its decision. The plaintiff has filed a motion with this court to enjoin further proceedings of the defendant, alleging that the long delay has violated his right to due process of law. He requests that he be allowed to proceed under a fictitious name CT Page 2466 on the theory that if further proceedings of the Statewide Grievance Committee are enjoined, it is as though probable cause were never found, and he would be entitled to the confidentiality provided to such respondents under the rules.
The defendant Statewide Grievance Committee opposes the request to proceed by fictitious name. They argue that since a public hearing has already occurred, and since the record of that proceeding continues to be available to the public in the plaintiff's true name, it makes no sense to permit the plaintiff to proceed here anonymously.
The Connecticut Supreme Court has recognized that, in certain instances, use of a fictitious name by a litigant in a civil case is permissible. In Buxton v. Ullman, 147 Conn. 48, 60,156 A.2d 508 (1959), app. dismissed, 367 U.S. 497, 81 S.Ct. 1752,6 L.Ed.2d 989 (1961), the court permitted the use of fictitious names by individual plaintiffs challenging as unconstitutional the statute that banned the use of birth control devices. The Supreme Court approved the use of fictitious names for some of the plaintiffs in that case, finding that because of "the intimate and distressing details alleged in these complaints, it is understandable that the parties who are allegedly medical patients would wish to be anonymous." Id., 60.
The decision to grant such a request requires a court to balance the "customary and constitutionally-embedded presumption of openness in judicial proceedings," Doe v. Frank, 951 F.2d 320,323 (11th Cir. 1992), against the substantial privacy interest that the litigant may have. See Doe v. Diocese Corporation,43 Conn. Sup. 152, 159 (1994). Courts have held that a showing that a party may suffer some embarrassment or economic harm is not enough. See Doe v. Rostker, 89 F.R.D. 158, 162 (N. D. Cal. 1981). Indeed, in Buxton, the court stated:
 The privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest.
Id., 60.
The nature of the issue litigated in this matter could not be more important to the public: the conduct or misconduct of an attorney licensed to practice law in our courts. By rule of CT Page 2467 court, the Superior Court has determined that proceedings in such matters shall be public. Only in the instance where a panel finds no probable cause that any misconduct occurred is the matter kept confidential and out of the public eye. All further proceedings, including ones in which the attorney may be found to be completely exonerated, are open to the public.
The hearing three years ago conducted by the Statewide Grievance Committee was a public one at which the plaintiff's name was used and his identity known; The plaintiff testified that members of his firm know of the existence of the complaint and the grievance. His personal embarrassment at being a respondent in the administrative proceeding or being a plaintiff in this case does not amount to a compelling reason to allow him to proceed anonymously. The court finds no interest of the plaintiff in this case that overrides the presumption that court proceedings, particularly ones involving the conduct of members of the bar of this state, should be fully open to the public.
The motion to Proceed by Fictitious Name is denied. The court hereby vacates the temporary ex parte order allowing him to do so and directs the clerk to unseal the affidavit and redenominate the file under the plaintiff's actual name.
Patty Jenkins Pittman, Judge